## Bertha Strehmann v. City of Chicago.

1. PRACTICE—*Impaneling Juries.*—The ruling of a trial court compelling an attorney to exercise the right of challenge, when only eleven jurors are in the box, or to pass conclusively on ten jurors, while only ten are in the box, is a denial of the party's right.

2. SAME—*Number of Jurors to be in the Box.*—Neither party can be required to examine jurors, while impaneling a jury, touching their qualifications, unless there are twelve jurors in the box.

3. EVIDENCE—*Condition of a Sidewalk at the Time of an Injury.*— In an action for injuries resulting from a defective sidewalk, it is competent to prove the condition of the sidewalk at the time the injury was received, and also how long it had been in that condition, or in the condition as alleged in the plaintiff's declaration.

4. INSTRUCTIONS—*Singling Out One Fact in Evidence.*—Singling out and giving undue prominence to a single fact, or to several facts, in an instruction, is calculated to mislead the jury, and is improper.

5. SAME—*Giving Undue Prominence to a Single Fact.*—An instruction giving undue prominence to a single fact, and omitting all mention of other facts proven, which should be considered by the jury in determining the questions at issue, is calculated to mislead the jury and is erroneous.

6. SIDEWALKS—*Rights of Persons Traveling upon.*—A person traveling upon a sidewalk, without knowledge of existing defects, has a right to presume that it is reasonably safe for the purpose of travel.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed February 14, 1901.

EDWARD MAHER, DAVID T. ROY and ROBERT F. KOLB, attorneys for appellant.

A. J. RYAN and J. J. KELLY, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

No brief has been filed for appellee in this cause, the reason for that omission presumably being that there are manifest errors in the record rendering unavoidable a reversal of the judgment. The first error appears in the rulings of

Strehmann v. City of Chicago.

the court in the impaneling of the jury. Twelve jurors were called into the box, and after the attorney for appellant had examined them he excused one of them peremptorily, when the following occurred:

"The Court: Will you take the other eleven?

Mr. Kolb, attorney for the plaintiff: Won't your honor give me a chance?

The Court: No, I won't give you a chance; how many do you want to excuse now?

Mr. Kolb: Your honor, I would like to have a chance to see the other man first.

The Court: You will have to decide now. I am not going to be calling jurors promiscuously and making statements.

Mr. Kolb: I don't exactly know whether I want to excuse two more, or this gentleman who is going to be called now.

The Court: Make up your mind.

Mr. Kolb: We will excuse Mr. Peterson.

The Court: Will you take the other ten?

Mr. Kolb: If your honor is going to force me into it, I will take the other ten, but I except to the court's ruling."

The ruling of the court compelling the plaintiff's attorney to exercise the right of challenge, when only eleven jurors were in the box, and to pass conclusively on ten jurors while only the ten were in the box, was an erroneous denial of the plaintiff's right. In Sterling Bridge Co. v. Pearl, 80 Ill. 251, the court commented on, and interpreted section 21 of the statute in regard to jurors, and say "that neither party shall be required to examine them touching their qualifications unless there are twelve jurors in the box," and further say:

"There must, when either party requires it, during all the time the jury is being impaneled, be twelve jurymen in the box. Hence, when one is challenged, either for cause or peremptorily, before proceeding further another must be called into the box."

The action was case, for negligence of appellee in permitting a sidewalk to be and remain defective and out of repair, by reason of which appellant claimed she was injured.

William Wiebe, a witness for plaintiff, having testified

that he was present when she was injured, and that before the injury the sidewalk was shaky and the boards in it loose, was asked a number of questions as to the length of time before the accident the walk was in the condition he had described, which questions were ruled against by the court. We think the ruling erroneous, but also think that it could not have prejudiced the plaintiff, because it appears from the record (although not from the abstract) that in the subsequent examination of the witness by plaintiff's attorney, he was asked, " How long, to your knowledge, was this walk in the condition you have described it, prior to the 12th of September, 1898 ? " to which question the witness answered, " Three or four weeks." September 12, 1898, was the time appellant claimed to have been injured.

Objections are made to the exclusion of questions put to other witnesses, which we do not think it necessary to pass on in detail. It is sufficient to say that it was competent to prove the condition of the walk at the time of the accident, and also how long it had been in that condition, or in such condition as is alleged in the declaration. It is not claimed that the city had actual notice of the condition of the walk, and the question whether the walk was in a dangerously defective condition, and if so, whether it had been in such condition for such length of time that the city, in the exercise of ordinary diligence, should have discovered its condition, were material questions for the jury, and no evidence tending to enlighten the jury on these questions should be excluded.

Appellant's attorney asked and the court refused to give this instruction :

" If the jury believe from the evidence that the plaintiff went upon the sidewalk in question for the purpose of traveling over the same, and while doing so was in the exercise of ordinary care for her own safety, then as a matter of law, the court instructs the jury that the plaintiff, Strehmann, had a right to presume or suppose that the sidewalk was reasonably safe for the purpose of travel, providing there is nothing in the evidence to show any knowledge on her part that the sidewalk was defective."

We think the instruction correct, that it should have been given, and that its refusal was error. City of East Dubuque v. Burhyte, 173 Ill. 553, 558.

In Turner v. Newburgh, 109 N. Y. 301, 305, the court say :

" When a street is thrown open for the public use, those who travel upon it have the right to assume that it is in a reasonably safe condition, and if, without fault of their own, or without knowledge of some existing obstruction, they are injured while using the street, the city is liable, unless the defect which has caused the injury has existed for so short a time that the city officials, by the exercise of reasonable care and supervision, could not have known it."

In Board of Commissioners, etc., v. Legg, 110 Ind. 479, 483, the court say :

" And it is well settled that a traveler upon a street or county public highway, without knowledge of defects in bridges forming parts thereof, and using proper diligence himself, has a right to presume that they are in a safe condition, and to act upon that presumption."

And the court approved an instruction to the jury to that effect. The court gave the following instruction at appellee's request :

" The court instructs the jury that if you believe from the evidence that any witness has willfully sworn falsely in this trial, to any matter or thing material to the issue in the case [or has been guilty of willful or gross exaggeration in his or her testimony about any material matter or thing], then the jury are at liberty to disregard the entire testimony of such witness, except in so far as it has been corroborated by other creditable testimony or by facts and circumstances proved on the trial."

We can not say that the giving of this instruction is reversible error. Nevertheless, we think it would have been better to have omitted from it the words in brackets. The instruction then would have been one approved in numerous cases, and, as we think, amply sufficient. *Via trita, via tuta.*

The court also gave this instruction for the appellee :

" The jury are instructed that the mere fact that the

plaintiff, some time after the accident in question, gave birth to a child, and that said child was prematurely born, does not tend to prove that the accident in question was the proximate cause of said premature birth, and that there must be some creditable evidence tending to prove that the accident in question was the proximate cause of said premature birth; and if the jury further believe from the evidence that at some time after the accident in question, the plaintiff gave birth to a still-born child, that the mere fact that said child was still-born does not tend to prove that the accident in question was the proximate cause of its being still-born, and that there must be some creditable evidence, and if disputed, a fair preponderance of creditable evidence, tending to prove that the accident in question was the proximate cause of the plaintiff giving birth to a still-born child."

Appellant testified that she was in the family way when injured, that a person passed her on the walk, and as he passed a board flew up and struck her in the abdomen, and she fell; that she commenced flowing, suffered great pain, was carried home in a wagon and put to bed, and that a doctor was called, who attended her from that time till the time of the trial, and that in about two months from the time of the accident, she was delivered of a good foetus four months old. Doctor Snow corroborated appellant's testimony, and testified that the striking a pregnant woman in the abdomen with a board might produce a miscarriage. There was no evidence to the contrary. The plaintiff testified that she was between thirty-four and thirty-five years of age at the time of the trial, that she was married and the mother of three children, two of whom were living, and that before the accident she did all her own work, but since it, had not been able to do it. This evidence was uncontradicted, and there was no evidence that, prior to the accident, she had not been in good health. The fact of the miscarriage in two months after the accident, coupled with the evidence of her physician that the accident, as described by her, might have caused the miscarriage, and no other cause having been proved, it would be a reasonable inference that the accident caused the miscarriage, and it certainly was a question for the jury, on all

Strehmann v. City of Chicago.

the evidence, whether the accident was the efficient cause of the miscarriage. The court by the instruction singled out one fact in evidence, namely, the birth of the still-born child, not stating other facts in evidence, and informed the jury that such fact, considered alone, did not tend to prove that the accident was the proximate cause of it. It has been held in numerous cases that the singling out and giving undue prominence to a single fact, or several facts, in an instruction is calculated to mislead the jury, and is improper. Grube v. Nichols, 36 Ill. 92, 98; McCartney v. McMullen, 38 Ib. 237, 240; Calef v. Thomas, 81 Ib. 478, 483; Hewett v. Johnson, 72 Ib. 513; Cushman v. Coggswell, 86 Ib. 62; Frame v. Badger, 79 Ib. 441; Protection Life Ins. Co. v. Dill, 91 Ib. 174.

In Grube v. Nichols, the court say :

" But it is not the best mode of instructing the jury, to select an isolated fact, from other proof on the same point, and say to the jury that it is not sufficient to warrant a recovery or to constitute a defense. The jury have a right, and it is their duty, to consider all of the evidence on a point material to the issue, and determine what the evidence, as a whole, establishes, but it is calculated to confuse to select one of many facts tending to the same point, and say to the jury that it proves or fails to prove a particular fact, and when such an instruction is refused, the court will not, for that reason, reverse the judgment."

In McCartney v. McMullen, the court say :

" The jury are required to give due weight to all of the evidence, and they should consider all of the evidence without having their attention specially called to particular portions of it."

In Calef v. Thomas, the court say :

" This instruction is liable to, at least, two grave objections. In the first place it singles out and gives undue prominence to certain facts, ignoring other facts proved of equal importance," etc.

In Hewett v. Johnson, the court say :

" This instruction singled out an isolated fact and brought it prominently before the jury, which would have a tendency to mislead; and it is always proper for the court to protect a jury from an unfair instruction of this character."

In Cushman v. Coggswell, it is said :

"The general rule is, that if the instructions are objectionable, and the natural effect would be to mislead the jury when the facts are controverted, the verdict will be set aside and the cause submitted to another jury with proper directions," citing Adams v. Smith, 58 Ill. 418.

We think the instruction, in giving undue prominence to a single fact, and omitting all mention of other facts proven, which should have been considered by the jury, in passing on the question whether the miscarriage was caused by the accident, was calculated to mislead the jury. The question whether the accident produced the miscarriage should have been submitted to the jury on all the evidence, without any expression of opinion by the court as to the probative or non-probative effect of any single fact proven.

In Frame v. Badger, 79 Ill. 441, it is said :

"The judge should always abstain from in any manner indicating an opinion as to the weight of evidence, unless it is of that character which the law deems conclusive."

The judgment will be reversed and the cause remanded.