## Chicago City Railway Company v. Mary Fetzer.

### Gen. No. 11,219.

1. VERDICT—*when sufficiency of evidence to sustain, cannot be urged as a matter of law.* An appellant is precluded upon appeal from making the claim that there was no evidence to support the plaintiff's claim, where it requested and the court gave to the jury instructions submitting such question as one of fact.

2. JUROR—*what proper upon examination of.* A question as follows: " Would evidence in behalf of a street car company receive less favor with you—are you in that mental state where it would receive less favor than evidence coming in in behalf of a woman here," is pertinent and proper upon the examination of a juror for the purpose, at least, of enabling counsel to determine whether or not he would exercise a peremptory challenge; but the exclusion of such a question is not reversible error where, during the impaneling of the jury, after twelve jurors had been examined and tendered by appellee, and after the court, as well as appellant's counsel, had interrogated them in a body and each had signified by remaining silent when so questioned that he had no leaning or preference as to how the case should be decided, either one way or the other, and where at such time the appellant had not exercised a single peremptory challenge.

3. PEREMPTORY CHALLENGE—*when, need not be exercised.* It is error to require a party to exercise the right peremptorily to challenge when there are less than twelve jurors in the box.

4. INSTRUCTION—*when it is not erroneous to refuse to direct the jury not to consider certain immaterial evidence.* Where such immaterial evidence was admitted without objection and no motion was thereafter made to exclude it, except by the instruction in question, the refusal of such instruction is not reversible error.

5. INSTRUCTION—*approved form of, concerning inferences which jury should not draw from conduct of court and counsel.* The court holds the following a correct instruction : " The jury are instructed that the fact that defendant's counsel has cross-examined the plaintiff or her witnesses on the subject of her alleged injuries, or that he may have discussed the question in argument, or the fact that the court has given any instructions on the subject of the plaintiff's injuries or damages, is not to be taken by the jury as an admission by the defendant or an intimation by the court to any degree that the defendant is liable for the injury complained of. It would be wholly unwarrantable to consider them as any admission or intimation whatever on that subject; and the jury are further instructed that if, under the instructions of the court they find from the evidence in this case that the plaintiff is not entitled to recover, then they will not have occasion to at all consider the question of damages, or the character or extent of the injuries to the plaintiff,

whether serious or slight, if you believe from the evidence any injury occurred as stated;" but holds its refusal not reversible error where its substance was substantially contained in other instructions given.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1903. Reversed and remanded. Opinion filed March 17, 1904. Rehearing denied April 18, 1904.

WILLIAM J. HYNES and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

WATERS & JOHNSON and VINCENT G. GALLAGHER, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

On a jury trial in the Superior Court appellee recovered a verdict against appellant of $6,000 for personal injuries resulting, as it was claimed, from the negligence of appellant's servants. After a remittitur of $3,000 the court rendered judgment in appellee's favor for $3,000, from which this appeal is taken.

Appellant's counsel claim that there is no evidence tending to prove a cause of action against appellant, both as to the alleged negligence and as to the ills and ailments of appellee, which she claims were the result thereof. After due consideration of these contentions and the evidence in the light of the arguments, we are of opinion that the record in these respects presents questions for the jury, and we refrain from any discussion of the evidence. For a like reason, and because another trial may result differently, we express no opinion upon appellant's contention that the verdict is excessive. Moreover, appellant is precluded in this court from making the claim that there was no evidence to support the plaintiff's claim, for the reason that it requested and the court gave to the jury instructions submitting to it, as matters of fact, these questions. Consolidated Coal Co. v. Haenni, 146 Ill. 614–626; R. R. Co. v. Schmelling, 197 Ill. 619–25.

During the impaneling of the jury, after twelve jurors had been examined and tendered by appellee, and after the

court as well as appellant's counsel had interrogated them in a body and each had signified, by remaining silent when so questioned, that he had no leaning or preference as to how the case should be decided, either one way or the other, appellant's counsel asked, among other questions, of the juror Graffe, the following: Mr. Hynes: "Would evidence in behalf of a street car company receive less favor with you—are you in that mental state where it would receive less favor than evidence coming in in behalf of a woman here?" The court sustained an objection of plaintiff's counsel, to which ruling an exception was preserved. We think the question was both pertinent and proper and should have been allowed, for the purpose, at least, of enabling appellant's counsel to determine whether or not he would peremptorily challenge the juror. American Bridge Co. v. Pereira, 79 Ill. App. 90-6, and cases cited. We, however, think the ruling was not reversible error in view of the general examination by the court and the fact that appellant had not then exercised a single peremptory challenge. Later appellant's counsel excused one of the twelve, a Mr. Sullivan, whereupon the court inquired of him if he desired to excuse any one else, when counsel informed the court that he desired to reserve his right to further challenge, but the court said: "No, I think it should be done now." An exception was duly preserved. William Weinhold was then called to the box and examined by appellant's counsel, when the following occurred:

"Mr. Hynes: Now, if Your Honor please, I want to exercise a challenge with reference to one of the other eleven.

The Court: Too late.

Mr. Hynes: The court denies the challenge?

The Court: Yes, sir." (Exception by defendant.)

Appellant's counsel then challenged Mr. Weinhold peremptorily. Another was called in his stead and accepted by appellant's counsel, as well as by appellee. The twelve jurors thus selected were then sworn to try the case.

We are of opinion the ruling of the learned judge in re-

quiring appellant to exercise its right of peremptory challenge when there were only eleven jurors in the box, is reversible error. Under the statute (ch. 78, sec. 21, Hurd) either party in a civil case has the right to have twelve jurors in the box before being required to examine them touching their qualifications to try the case, and under section 49 of the Practice Act each party, in civil actions, has the right to a challenge of three jurors peremptorily. The Supreme Court in considering this question in Sterling Bridge Co. v. Pearl, 80 Ill. 251–4, said : " There must, when either party requires it, during all the time the jury is being impaneled, be twelve jurymen in the box. Hence, when one is challenged, either for cause or peremptorily, before proceeding further, another must be called into the box." To a like effect, when the precise question here presented was before this court, was its decision in Strehman v. City of Chicago, 93 Ill. App. 206. Appellant, by the court's ruling, is deprived of a clear legal right in a case which is close, under the evidence in this record, upon both the questions of liability and the amount of damages claimed by appellee, and it was highly important to appellant to have the jury selected according to approved legal precedent. If a party may be required to exercise his right of peremptory challenge with only eleven jurors in the box at a given time, then he may be required to exercise it with any less number in the box, and thus be deprived of a right given him by the law, while his adversary, as in this case, is given an unfair advantage over him.

The court was requested, but refused to give to the jury an instruction to the effect that the evidence in the case regarding appendicitis of appellee should not be considered. We think there was no error in refusing this instruction, for the reason that the evidence in the case tended to show that the appendicitis with which appellee was afflicted was the result of the accident in question. Also the court refused an instruction directing the jury in effect not to consider certain evidence of a witness named Kube. It is true that this evidence was immaterial, but it was admitted

without objection and no motion was thereafter made to exclude it from the consideration of the jury, except by this instruction. The evidence had no bearing upon any material issue in the case, was not in our opinion prejudicial, and we think that the refusal of the instruction, under the circumstances, is not reversible error.

Appellant also requested, but the court refused to give the following instruction, to wit:

"The jury are instructed that the fact that defendant's counsel has cross-examined the plaintiff or her witnesses on the subject of her alleged injuries, or that he may have discussed the question in argument, or the fact that the court has given any instructions on the subject of the plaintiff's injuries or damages, is not to be taken by the jury as an admission by the defendant or an intimation by the court to any degree that the defendant is liable for the injury complained of. It would be wholly unwarrantable to consider them as any admission or intimation whatever on that subject; and the jury are further instructed that if under the instructions of the court they find from the evidence in this case that the plaintiff is not entitled to recover, then they will not have occasion to at all consider the question of damages, or the character or extent of the injuries to the plaintiff, whether serious or slight, if you believe from the evidence any injury occurred as stated."

The court gave four instructions on behalf of appellee and nine on behalf of appellant, which quite fully instructed the jury on every material issue in the case. The first sentence of this instruction is covered in substance by instructions given, and the last sentence is not important in view of the fact that the jury found that the plaintiff was entitled to recover. While we think it would not have been improper for the court to have given this instruction, we think its refusal, considering the number and scope of the instructions given, is not reversible error.

For the error in refusing appellant's right of peremptory challenge as indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*