THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

MICHAEL KELLY, Admr.

*Opinion filed June 23, 1904.*

INSTRUCTIONS—*when instruction as to disregarding testimony of witness is erroneous.* An instruction permitting the jury to disregard the entire testimony of a witness who they believe has willfully sworn falsely to a material matter, "except in so far as it may be corroborated by other credible evidence *which they do believe,*" etc., is erroneous, in requiring the credible evidence to be believed.

*Chicago and Alton Railroad Co.* v. *Kelly,* 108 Ill. App. 587, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

C. W. BROWN, for appellant.

DONAHOE & MCNAUGHTON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case brought by the appellee to recover damages for the death of his intestate, Joseph G. Kelly, occasioned, as is alleged, by the negligence of the appellant in failing to stop its train, upon which Kelly was a passenger, at Braidwood station a sufficient length of time to enable Kelly to alight therefrom with safety, by means whereof said Kelly, while in the exercise of due care for his own safety and while attempting to leave said train at said station, was thrown

beneath the wheels of said train and run over and killed. The case was tried before the court and a jury, and the jury returned a verdict against the appellant for the sum of $4000, upon which verdict the court, after overruling a motion for a new trial, rendered judgment in favor of the appellee, which judgment has been affirmed by the Appellate Court for the Second District, and the record has been brought to this court by appeal for further review.

The intestate of appellee, on the evening of November 15, 1900, boarded appellant's train at Joliet and paid his fare to Braidwood. The train arrived at Braidwood a little after eleven o'clock P. M., when Kelly arose from his seat in the smoking car, shook hands with a friend with whom he had been talking, and started for the rear door of the car to get off the train. The testimony of appellee tended to show that the train stopped from twelve to thirty seconds; that it started before Kelly had time to get off, and that in attempting to get off, the motion of the train caused him to lose his balance and he was thrown down and run over by the train and killed; while the testimony of the appellant tended to show that the train stopped from two to three minutes, during which time the engine took water; that the deceased had ample time in which to alight from the train in safety, and that he lost his life by reason of his own negligence in attempting to leave the train while it was in motion and after it had stopped a sufficient length of time for him to alight therefrom in safety.

There was upon the question of the length of time the train stopped at the Braidwood station,—which was a material question,—a sharp conflict in the evidence, and in that state of the record it was important that the jury should have been correctly instructed as to the law of the case, especially as to the rule which should govern them in weighing the evidence of the respective witnesses. On behalf of the appellee the court gave to the

jury the following instruction, the giving of which has been assigned as error:

"If the jury believe, from the evidence in this case, that any witness who testified in the case has willfully sworn falsely as to any matter or thing material to the issues in this case, then the jury are at liberty to disregard the entire testimony of such witness, except in so far as it may have been corroborated by other credible evidence which they do believe, or by facts and circumstances proved on the trial."

It has been repeatedly announced as the law of this State, that the jury are at liberty to disregard the evidence of a witness who upon the trial has willfully sworn falsely to a material fact, except in so far as such witness has been corroborated by other credible evidence or by facts and circumstances proven upon the trial. (*Crabtree* v. *Hagenbaugh,* 25 Ill. 233; *Swan* v. *People,* 98 id. 610; *Hoge* v. *People,* 117 id. 35; *Bevelot* v. *Lestrade,* 153 id. 625.) The instruction is much broader than the rule announced in the foregoing cases, as it informed the jury they were at liberty to disregard the testimony of any witness who had willfully sworn falsely to any matter or thing material to the issues, except in so far as such witness had been corroborated by other credible evidence *which they do believe,* the effect of which was to eliminate from the consideration of the jury the evidence of any witness, if any such there were, who had willfully sworn falsely upon a material matter, even though he were corroborated by other credible evidence, unless the jury believed such other credible evidence to be true. If the jury may disregard the testimony of such a witness unless he is corroborated by other credible evidence which they believe, then the jury may disregard the evidence of such a witness even though he be corroborated by other credible evidence, which would be in violation of the rule established by this court. It is not the duty of the jury to accept as true the testimony of a witness who has testified

willfully falsely as to a material fact simply because he is corroborated by other credible evidence, but when such witness has been corroborated by other credible evidence it is the duty of the jury to consider his testimony in connection with such corroborating evidence and the other evidence in the case, and to give to it such weight as they may be of opinion it is entitled to receive at their hands. The error in the instruction under consideration is found in this: that it permits the jury to refuse to consider the testimony of a witness who has willfully sworn falsely with reference to a material fact, although he is corroborated by other credible evidence, unless the jury believe the other credible evidence to be true. Credible evidence is not evidence which is necessarily true, but is evidence worthy of belief,—that is, worthy to be considered by the jury. If it were held the jury were not to consider the evidence of a witness who had willfully sworn falsely to a material fact unless he was corroborated by other credible evidence, and then only when they believe such credible evidence to be true, it would, in effect, be to hold that the testimony of such a witness is only to be considered by the jury after they have become satisfied of the truth of the facts testified to by the corroborating witnesses. If this were the rule, the jury would have reached a conclusion as to the truth of the matter about which the witness testified before they would be required to consider the evidence of the witness, which would make the consideration of the testimony of such witness unnecessary, even though his testimony were corroborated by other credible evidence.

We are of the opinion the instruction is in conflict with a long established rule of evidence in force in this State and that the giving thereof constituted reversible error.

The judgment of the Appellate and circuit courts will be reversed and the cause remanded to the circuit court for a new trial.    *Reversed and remanded.*