## Paulina Sedoff v. Chicago City Railway Company.

### Gen. No. 12,299.

1. COLLISION—*what establishes prima facie case where injury occasioned by.* On proof of the facts that the plaintiff was a passenger on the defendant's car and that he was injured by reason of a collision between two of the defendant's cars, a *prima facie* case is established.

2. CREDIBILITY OF WITNESS—*when instruction as to, erroneous.* An instruction upon this subject is erroneous which informs the jury that they are at liberty to disregard the testimony of any witness who has wilfully sworn falsely to any matter or thing material to the issues except insofar as such witness has been corroborated by other credible evidence *which they do believe.*

3. CREDIBILITY OF WITNESS—*particular phrase used in instruction as to, condemned.* An instruction upon this subject is condemned, but is not held reversible error, which contains the phrase "or has been guilty of wilful or gross exaggeration in his or her testimony about any material matter or thing."

39

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed March 1, 1906.

COBURN & CASE, for appellant.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, for appellee; MASON B. STARRING, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellant claims in her declaration that July 23, 1892, while she was a passenger and riding in an Archer avenue car of appellee, she was injured by a collision between that car and a Wentworth avenue car of appellee. The jury found for appellee and assessed her damages at the sum of one dollar, and the court, after overruling a motion of appellant for a new trial, rendered judgment on the verdict.

That there was a collision between two of appellee's cars, and that appellant was a passenger in one of the cars colliding, are facts not controverted, and on proof of these facts, and that appellant was injured by reason of such collision, appellant made a *prima facie* case entitling her to recover. Elgin, A. & S. T. Co. v. Wilson, 217 Ill., 47, 51.

The main contest between the parties is as to the sum awarded as damages, the appellant contending that in this respect the verdict is contrary to the evidence, and appellee the contrary. It is sufficient for us to say that there is a conflict in the evidence as to appellant's injuries, if any, resulting from the accident, and that it cannot be said, as matter of law, that her injuries were not such as to entitle her to substantial damages. The question, therefore, being one for the jury, and the evidence being conflicting, the instructions should have been substantially correct. Appellee asked and the court gave to the jury the following instruction:

No. 38. "The court instructs the jury that it is a principle of law that if you believe from the evidence that any witness has wilfully and knowingly sworn falsely to any material

element in the case, or that any witness has wilfully and knowingly exaggerated any fact or circumstance material to the issues in the case for the purpose of deceiving, misleading or imposing upon the jury, either as to the origin of plaintiff's alleged ailments, so far as from all the evidence you believe they exist, or as to the nature and extent of the alleged injury, or as to the manner of the alleged accident in question, then the jury have the right to reject the entire testimony of such witness, except in so far as corroborated by other evidence which you believe or by facts and circumstances appearing in the case."

In C. & A. R'd Co. v. Kelly, 210 Ill., 449, the following instruction was given:

" If the jury believe from the evidence in this case that any witness who testified in the case has wilfully sworn falsely as to any matter or thing material to the issues in this case, then the jury are at liberty to disregard the entire testimony of such witness, except in so far as it may have been corroborated by other credible evidence which they do believe, or by facts and circumstances proved on the trial."

In respect to this instruction the court say: " It has been repeatedly announced as the law of this State, that the jury are at liberty to disregard the evidence of a witness who upon the trial has wilfully sworn falsely to a material fact, except in so far as such witness has been corroborated by other credible evidence or by facts and circumstances proven upon the trial. (Crabtree v. Hagenbaugh, 25 Ill., 233; Swan v. People, 98 id., 610; Hoge v. People, 117 id., 35; Bevelot v. Lestrade, 153 id., 625.) The instruction is much broader than the rule announced in the foregoing cases, as it informed the jury they were at liberty to disregard the testimony of any witness who had wilfully sworn falsely to any matter or thing material to the issues, except in so far as such witness had been corroborated by other credible evidence *which they do believe,* the effect of which was to eliminate from the consideration of the jury the evidence of any witness, if any such there were, who had wilfully sworn

falsely upon a material matter, even though he were corroborated by other credible evidence, unless the jury believed such other credible evidence to be true. If the jury may disregard the testimony of such a witness unless he is corroborated by other credible evidence which they believe, then the jury may disregard the evidence of such a witness even though he be corroborated by other credible evidence, which would be in violation of the rule established by this court; " and the court held the giving of the instruction reversible error. We regard instruction 38, given in this case, much more objectionable than the instruction condemned in the case cited. If, in the condemned instruction, the words "which they do believe" had been omitted, the instruction would have been what may be called the stock instruction as to false testimony and would have been unobjectionable; and we think the stock or usual instruction, given as to falsity of testimony, is amply sufficient to include every phase of false testimony. In Strehmann v. City of Chicago, 93 Ill. App., 206, the following instruction and the comments of the court thereon appear:

"The court instructs the jury that if you believe from the evidence that any witness has wilfully sworn falsely in this trial, to any matter or thing material to the issue in the case (or has been guilty of wilful or gross exaggeration in his or her testimony about any material matter or thing), then the jury are at liberty to disregard the entire testimony of such witness, except in so far as it has been corroborated by such other creditable testimony or by facts and circumstances proved on the trial."

"We cannot say that the giving of this instruction is reversible error. Nevertheless, we think it would have been better to have omitted from it the words in brackets. The instruction then would have been one approved in numerous cases, and, as we think, amply sufficient. *Via trita, via tuta.*"

We are not aware of any instruction containing reference to wilful and knowing exaggeration, such as is contained in instruction 38, having been passed on by the Supreme Court. But, notwithstanding our rather mild criticism quoted *supra*

from 93 Ill. App., we think the instruction rather a dangerous one for the party asking it. We find no substantial error in the giving of the other instructions for appellee, which are criticized by appellant's counsel, or in the modification of instructions asked by appellant. We find no substantial error in the rulings of the court on evidence. Because of the error in giving instruction 38, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*