Sue M. Simpson, Appellee, v. Peoria Railway Company, Appellant.

Gen. No. 5,728.

1. CARRIERS—*injury to passenger from starting car.* Plaintiff testified that a street car suddenly started as she was alighting therefrom, and she fell, etc. The conductor testified that she had taken one step from the car when she fell. Another passenger stated that the power seemed to be applied a little quickly and almost simultaneously with the fall. *Held,* that the evidence tending to show severe injuries, due to a fall more violent than from the pavement, judgment on verdict for plaintiff would be affirmed.

2. EVIDENCE—*expert opinion based on portion of testimony.* Where the opinion of a medical expert witness as to the probable permanency of plaintiff's injuries is objected to on the ground that it "invades the province of the jury," and the court's attention is not called, by special objection, to the fact that such expert has not heard all of plaintiff's testimony, his opinion being grounded on the assumption that such testimony is true, nor a general objection made, the admission of such opinion will not be held error.

3. APPEALS AND ERRORS—*hypothetical question not specially objected to.* Under the rule that a court of review will not consider

any other ground for exception than that urged in the court below, a special objection to an improper basis for a hypothetical question, which was not made in the trial court, cannot be insisted upon on appeal.

4. DAMAGES—*refusal of physical examination.* The defendant in case for personal injuries has the right to ask plaintiff on the witness stand if she will submit to a physical examination by a physician in defendant's employ in the presence of her own physician, and thereby receive the benefit of informing the jury of her refusal, and the jury may consider such refusal on the question of the amount of damages.

5. INSTRUCTIONS—*altering "when a witness has sworn falsely,"* etc. The injection of added elements in the instruction regarding the maxim *"falsus in uno, falsus in omnibus,"* as commonly given and often approved by the courts, such as "wilfully exaggerating any facts," and qualifications, such as "which you believe," after the clause "corroborated by other evidence," is bad, and even when the additions are most accurately formulated, of doubtful propriety, and liable to cause misapprehension.

6. DAMAGES—*instructions as to refusal of physical examination.* Under the rule that it is improper for a court in instructing a jury to single out any particular item and give it special prominence and emphasis, an instruction, that the refusal of plaintiff to submit to a physical examination by defendant's physician may properly be considered by the jury, should be refused.

7. DAMAGES—*measure for personal injuries.* The instruction to the jury, as to the measure of damages in case for personal injuries, copied in full in Street R. R. Co. v. Brown, 193 Ill. 274, and often approved, does not mislead the jury by warranting their basing damages on some condition of plaintiff, not resulting from the accident in suit, and is not reversible error in a close case where another instruction requires plaintiff to show by the preponderance of the evidence that the alleged negligence was the proximate cause of the injury.

8. DAMAGES—*measure of, for aggravated ills.* Where previous diseases are aggravated by an accident, the measure of damages is the injury which results, though such injury may not have followed but for such peculiar physical condition of plaintiff.

9. EVIDENCE—*credibility of exaggerating witness.* Jurors and physicians are not required to disregard all statements made by a person injured, because, in her recital of symptoms, many exaggerated, absurd and untrue things are interspersed.

10. PRACTICE—*argument of counsel not inflammatory.* The remark of plaintiff's counsel in his final argument to the jury, "In cases of this kind there is a tendency not to hold corporations to strict enough accountability," was excepted to and immediately withdrawn, and the court instructed the jury orally that such

remarks were improper and should be disregarded. *Held*, not prejudicial to defendant.

11. Damages—*verdict for $2,500 not excessive.* Plaintiff, a woman 63 years of age, was injured in falling off a street car, before which accident she claimed to have been practically well. Injuries were testified to by her to sight, hearing, heart, back and internal organs, and impairment of mind. Other evidence showed that she had ailments previously and that she exaggerated symptoms. *Held*, that a verdict for $2,500 would not be disturbed.

Appeal from the Circuit Court of Peoria county; the Hon. Leslie D. Puterbaugh, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

Pinkney & McRoberts, for appellant.

Kirk & Shurtleff, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

Appellee, Sue M. Simpson, was on July 10, 1911, at about six o'clock p. m., injured by a fall on a paved street in Peoria, Illinois, as she was getting off the car of appellant on which she had been riding. This action was brought to recover damages for injuries so sustained, and resulted in a verdict and judgment of $2,500.

The negligence alleged in the declaration is the causing of the car to be suddenly started without notice or warning as appellee was alighting from the same, and without giving her sufficient opportunity to leave the car in safety.

The defense offered was that she did not fall while alighting from the car, but reached the street in safety and took one step from the car when she fell on the pavement. The conductor of the car and one passenger were the only witnesses, other than appellee, to the occurrence. Appellee testified that she was leaving the car at the rear and while she had one foot on the step and the other raised in the act of alighting, the car started suddenly and she was thrown violently

to the ground. The conductor testified that he was on the rear platform; saw her leave the car and that she was safely on the pavement and had taken one step away from the car when she fell. The passenger testified that he got off the front end of the car and just as he reached the street he heard somebody's feet catch on the lower step of the car at the rear and immediately some one fell out into the street; that the car was standing still when he got off, but there was a little jerk as if the power had been applied a little quickly and almost simultaneously with the fall.

The case was tried in March, 1912, and appellee in her testimony stated that she was sixty-three years old, practically well before the accident; that since then she had been a total wreck and she gave a detailed account of her injuries to sight, hearing, heart, back and internal organs of her body as well as of impairment of mind that, if believed, justifies the term "total wreck." There is no doubt that she, in her testimony, greatly magnified her ailments, also overstated the good condition of her health before the accident. We conclude she is a nervous person, much given to exaggeration in her speech, and that her evidence as to the manner of the accident and her condition before and after it should be taken with a great deal of allowance. But there is other credible evidence in the case that compels the conclusion that she was severely injured when she fell into the street. There is no attempt to account for her fall by showing any condition of the place that would make it seem likely she would have fallen so violently if she had been standing on the pavement at the time. The lower step of the car was one foot from the street and the evidence of the extent of the injury tended to prove that she fell from that step instead of falling after she reached and was finally standing on the pavement. The testimony of the passenger who saw the accident also tends strongly to show that she fell from the step of the car and that the fall was occasioned by the sud-

den starting of the car. It was a fair question for the jury under this evidence, even disregarding appellee's testimony, whether the allegation of negligence in her declaration was sustained by the proof, and while the testimony of appellee as to many matters in controversy seems to us improbable, subjecting her whole evidence to much suspicion, still we cannot say that the jury were not warranted in giving some credit to her testimony. They saw her, heard her testify and with the trial judge who approved their verdict had better opportunities than we possess to determine how much credence to give her statements. It is a matter of common knowledge that many people of highly nervous temperaments grossly and absurdly magnify and over-state their own ailments and injuries, and at the same time are not entirely untrustworthy. Physicians could hardly adopt a rule of disregarding all statements made by a patient because he, or she, interspersed in the recital of symptoms many things untrue and absurd.

But it is insisted by appellant that there is no credible evidence that appellee sustained more than the temporary injuries, and that the verdict of $2,500 is excessive. Had she sustained the injuries that she herself testified to, she would have been entitled to recover the whole amount of the *ad damnum* $10,000. If the jury had believed her statements they would have found a much larger verdict. If she was suffering from some of the disorders complained of before the injury, as the evidence shows she was, still, if injured by the negligence of appellant, she is entitled to recover for any additional suffering inflicted upon her because of her previous physical or diseased condition. If before the injury she had diseases, which were aggravated by the fall, appellant is liable for what resulted from the fall. City of Rock Island v. Starkey, 189 Ill. 515. The measure of damages is the injury which results, though this injury may not have followed but for the peculiar physical condition of the

person injured.   Chicago City Ry. Co. v. Saxby, 213 Ill. 274.

She was attended by two apparently reputable physicians immediately and for a considerable time after the accident who testified fully in the case.   One of them had treated her shortly before that time, and if their testimony as to her physical condition after the accident, compared with her condition before, was believed by the jury, the verdict was not excessive.   Appellant introduced testimony of medical experts that a part of the ailments shown by the testimony of appellee's physicians could not have been produced by a violent fall on the pavement.   Giving full credence to this testimony, the jury were justified in finding that a serious injury resulted from the fall, warranting substantial damages.   The evidence, other than appellee's own testimony, quite clearly shows that her physical condition was in many respects much worse immediately after the accident than it was before, and so continued up to the time of the trial, and no reason is shown other than the accident for this change in condition.

Considering the many elements involved in measuring the damages in such cases, and the latitude given juries in awarding damages, we do not see how we can disturb this verdict as excessive.

One of plaintiff's attending physicians was called by her as an expert and stated that he had heard most of her testimony and was asked to tell the jury with reference to the testimony that he had heard what, if any, injuries she has that are likely to be permanent.   Defendant objected ''to the form of the question as invading the province of the jury in passing upon a question the jury is to pass upon.''   The court allowed the question to be answered on the statement of the doctor that he was giving his opinion assuming the hypothesis ''that her testimony is true,'' and the doctor answered as to several of the conditions that they would, in his opinion, be permanent.   He after-

wards stated that he reached the same conclusion from his examination and treatment of the plaintiff, except as to one item which he stated he answered on the theory that her testimony was true. It is no doubt true, as contended by appellant's counsel, that the opinion of an expert cannot be grounded on the assumption that the testimony of a witness is true where he has heard only part of the testimony and had there been a general objection to this question, or an objection on the ground that he had heard only part of the testimony, it would have been error for the court to permit the answer, but the court's attention was, by the special objection, directed to the question whether the evidence would invade the province of the jury. There is no doubt physicians may in answer to proper questions give opinions as to the permanence of injuries in question. Such opinions are requested and given without question in most personal injury cases. The same objection was made to a question asked of an expert physician in Chicago Union Traction Co. v. Roberts, 229 Ill. 481, and it was there said, "If it was thought the basis for the hypothetical question was improper, the objection should have been pointed out so that the improper matter might have been eliminated. The special objection not having been made on the trial cannot be insisted upon here," citing Elgin, A. & S. Traction Co. v. Wilson, 217 Ill. 47, where it is said, "The rule is that a court of review will not consider any other ground of objection than that urged in the court below."

Because of the apparent untrustworthiness of appellee's personal testimony, appellant complains that it was much prejudiced by the refusal of the following instructions:

"The Court instructs the jury, that if you believe from the evidence, that any witness has wilfully or knowingly sworn falsely to any material element of the case, or that any witness has wilfully or knowingly exaggerated any fact or circumstance material to the

issues in the case, for the purpose of deceiving, misleading or imposing upon the jury either as to the nature and extent of the alleged injury or as to the manner of the alleged accident in question, then the jury have a right to reject the entire testimony of such witness, except in so far as corroborated by other evidence which you believe, or by facts and circumstances appearing in the case."

The court had, at the instance of the plaintiff, instructed the jury as follows: "The court instructs the jury that if you believe from the evidence that any witness or witnesses who testified in this case have wilfully and knowingly testified falsely concerning the material matter in issue in this case, then you have a right to disregard the entire testimony of such witness or witnesses in so far as you may believe it to be false, unless the same be corroborated by other facts and circumstances appearing in evidence."

This instruction given for the plaintiff was in form commonly given and often approved by the courts. The instruction offered by defendant and refused added the element of wilfully or knowingly *exaggerating* any fact or circumstance material to the issue, and qualified the words, "corroborated by other evidence" by the clause, "which you believe." This latter qualification was held bad in Chicago & A. R. Co. v. Kelly, 210 Ill. 449, and the ejection of the element wilful and knowing exaggeration, has been criticized in the Appellate Courts. Sedoof v. Chicago City Ry. Co., 124 Ill. App. 609, and cases there cited.

The instruction given by the court sufficiently advised the jury as to the maxim *falsus in uno, falsus in omnibus,* and the court did not err in refusing the other instruction. "Such an instruction, even when most accurately formulated, is of doubtful propriety, and certainly it should never be given unless most accurately worded, to prevent misapprehension." Freeman v. Easly, 117 Ill. 317.

The court at the instance of plaintiff, gave an instruction on the measure of damages substantially like

the one copied in full and approved in Cicero & P. St. Ry. Co. v. Brown, 193 Ill. 274. This instruction has been repeatedly approved by the courts. Chicago Terminal Transfer Ry. Co. v. Gruss, 200 Ill. 195, and several other cases. It is argued by appellant that this instruction might be understood by the jury to warrant basing damages on some condition of the plaintiff not resulting from the injury in question, and Chicago Union Traction Co. v. Miller, 212 Ill. 49, is cited to the point that an instruction open to that objection in a close case is reversible error. The instruction complained of does not fall under the criticism made in the Miller case, *supra*, and if it did it might be said here, as in the Miller case, that there was another instruction given in which the jury were told that plaintiff must show by a preponderance of the evidence that the alleged negligence if proved, was the proximate cause of the injury to her, and therefore the instruction read could not mislead the jury.

While a witness, appellee was asked by appellant's counsel if she would submit her injuries to an examination by a physician in the employ of appellant in the presence of her own physicians and she refused. Appellant asked an instruction that it had a right to ask and she had a right to refuse such an examination and that the question of her refusal was proper to be considered by the jury. The court refused this instruction and it is claimed that he erred in so doing. Appellant on the trial had the benefit of the request and the refusal. It has been doubted whether it is permissible to even ask such a question, but there is a line of authorities sustaining the position that a defendant has the right to, in that way, inform the jury that the plaintiff will not submit to a physical examination of injuries claimed, and that the jury may consider such refusal on the question of the amount of damages. These authorities probably correctly hold the law on the subject. At any rate, the defendant had the full benefit of all they allow.

But admitting the request and refusal as evidence to be considered by the jury, as the court did in this case, the instruction was properly refused as violating the rule that particular items of proof must not be pointed out to the jury in the instructions in a manner that especially emphasizes those matters. Defendant offered in evidence a photograph of the plaintiff walking to the court room, apparently showing her in good physical condition; that was also evidence for the consideration of the jury, but it certainly would have been error for the court by an instruction, to have directed the attention of the jury to that photograph and told them they might consider it as evidence. The principle is the same. All evidence offered and admitted by the court was proper for the consideration of the jury, and it is not proper to single out any particular item and give it special prominence before the jury.

Plaintiff's counsel in his final argument to the jury said, "In cases of this kind there is a tendency not to hold corporations to strict enough accountability." Defendant's counsel objected and excepted to the statement as improper and inflammatory. Plaintiff's counsel immediately withdrew the remark and asked the jury to disregard it and the court instructed the jury orally that such remarks by counsel were improper and that they should disregard them. It does not appear in what connection the remark was made, and it seems improbable and practically impossible that the jury should have been influenced by the proceedings in that connection to the detriment of the defendant.

It would seem more probable that the occurrence would have prejudiced them against the plaintiff. The remark was not one of a character to be considered likely to influence the jury, notwithstanding its withdrawal and the oral instruction of the court to disregard it.

We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*