MATHEW STACY, ADM'R, ETC.

*v.*

SAMUEL COBBS *et al.*

1. EVIDENCE — *statements of parties.* The statements of a defendant, when put in proof by the plaintiff, are evidence for the consideration of the jury, in connection with all of the circumstances in the case, and are entitled to such weight·as the jury believe they should receive.

2. SAME — *its weight for the jury.* It is the province of the court to determine what evidence shall be admitted, and that of the jury to determine what it proves.

3. INSTRUCTIONS. It was error in the court below to instruct the jury that it was immaterial that plaintiff had purchased a carriage of defendant, the price of which he was claiming as a payment on a note given by him to plaintiff long after the carriage was purchased.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

This was an action of assumpsit brought by Mathew Stacy, administrator of Charles Hardin, deceased, against Samuel Cobbs and Samuel Williamson, upon a promissory note, executed by them to Hardin, in his lifetime, for $433.60, dated the 4th day of December, 1859, and payable twelve months after date, with ten per cent. interest per annum.

The declaration contained a special count only; to which defendants pleaded the general issue. A trial was had at the March term, 1864, by the court and a jury.

After the evidence was admitted, the court, amongst others, gave to the jury this instruction, for the defendants:

"The plaintiff, by asking the witness Cassell for the statements of Cobbs, and having the same detailed before the jury, has made said statements evidence, and said plaintiff is bound by said statements, if true in fact; and if the jury find, from the evidence, that Cobbs, in said conversation, stated in substance that said note was paid, then the jury must find their verdict accordingly, unless they further find, from the evidence, that said statement was untrue; and the fact, if proven, that the

rockaway was purchased before this note was given, does not prove said statements false, and is immaterial."

To the giving of which, plaintiff excepted.

The jury found a verdict for the defendants, and plaintiff entered a motion for a new trial, which was overruled by the court, and a judgment was rendered, upon the verdict; and plaintiff brings the cause to this court by writ of error, to reverse the judgment.

Plaintiff assigns the following errors:

1. The court erred in each and all of the instructions to the jury given for the defendants.

2. The court erred in overruling the plaintiff's motion to set aside the verdict and for a new trial.

Mr. H. B. McCLURE, for the Plaintiff in Error.

Messrs. MORRISON & EPLER, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The assignment of errors in this case questions the correctness of the third instruction given for defendant below.    There is no doubt that the statements of Cobbs, called out by plaintiff, were evidence, and were properly admitted to the jury; but what they proved, and the weight they were entitled to receive, was entirely a question for the consideration of the jury.    When received, it became the duty of the jury to weigh them, in connection with all of the circumstances of the case, and the interest of the defendant to color and misrepresent the facts, as well as any conflict in his different statements, and then give the statements such weight as they believed they were entitled to receive.

The question as to how far evidence, legitimate and properly admitted, is material, is a question for the consideration of the jury.    It is the province of the court to determine whether evidence is admissible, and that of the jury to determine its materiality, and what it proves, if anything.    In this case the

statements of defendant, when called for by the plaintiff, were competent and properly admitted, and we think it was error for the court to instruct the jury that it was immaterial whether the carriage was purchased before the note was given, as it invaded the province of the jury, and was calculated to mislead them in considering the weight that should have been given to the statements of the defendant. The fact that the note was given some three years after the purchase of the carriage, was a circumstance which the jury should have considered, and it was for them to determine whether Cobbs would have given his note, with security, when Hardin was indebted to him for the carriage. And whether, if it had not been paid for, he would have paid money to Hardin on the note, when it was satisfied by the sale of the carriage to Hardin. These, and other questions, arising out of the purchase of the carriage such a length of time before the note was given, were all proper to be considered by the jury. This the court took from their consideration by the last clause of this instruction, which we think was error.

As the case will be remanded for further proceedings, and will have to come before a jury, we deem it unnecessary to consider the question as to whether the verdict is against the weight of evidence. We will leave the question of the weight of evidence to the jury, where it belongs, as the case will be reversed upon the grounds above indicated. The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*