## The Cicero and Proviso Street Railway Company

*v.*

## Mattie Brown.

*Opinion filed December 18, 1901.*

1. Instructions—*when instruction relating to elements of damage is not erroneous.* An instruction relating to the elements of damage is not rendered erroneous by a statement contained therein that the jury might consider the plaintiff's "suffering in mind and body, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe, from the evidence before them in this case, she has sustained or will sustain by reason of such injuries."

2. Same—*instruction properly refused which attempts to eliminate an issue of fact in the case.* An instruction withdrawing a particular element of damage from the consideration of the jury is properly refused where such element is laid in the declaration and an issue of fact raised thereon by the evidence.

3. Same—*omitting to give instruction is not reversible error if its substance is embodied in others given.* Omitting, through oversight, to give a correct instruction is not reversible error if its substance is embodied in others given.

4. Same—*giving of abstract instruction is within the sound discretion of the court.* The giving or refusal of an instruction containing the abstract rule of law that the jury may disregard the uncorroborated testimony of a witness who they believe has knowingly sworn falsely to a material fact rests in the sound discretion of the court, and its refusal will not work reversal where the jury are otherwise fairly instructed as to their authority and the method of testing the evidence.

*Cicero and Proviso Street Ry. Co. v. Brown,* 89 Ill. App. 318, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Jesse Holdom, Judge, presiding.

John A. Rose, and Louis Boisot, Jr., (W. W. Gurley, of counsel,) for appellant.

John F. Waters, and C. H. Johnson, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action on the case by Mattie Brown, against the Cicero and Proviso Street Railway Company, to recover damages for personal injuries alleged to have been received by her while a passenger upon one of the defendant's cars. · The declaration alleged that plaintiff was a passenger on one of the defendant's cars, and that while she was getting off from said car, and before she had sufficient time to do so, the defendant, by its servant, the conductor, carelessly and negligently suddenly started the car with a violent jerk, by reason whereof she was thrown down upon the ground, and thereby severely, dangerously and permanently cut, bruised, wounded and injured, both internally and externally; that on account of said injury plaintiff became sick, sore, lame, disordered and injured, and that on account of such injury her eyes had been severely impaired and permanently injured. The plea of the general issue was interposed and a trial had in the superior court of Cook county, and a verdict for $9000. A *remittitur* was made of $6000, and judgment for $3000. From that the defendant appealed to the Appellate Court for the First District, which affirmed the judgment. The defendant now brings the record here for reversal from such judgment of affirmance, and assigns as errors the approval by the Appellate Court of the action of the trial court in giving the plaintiff's third instruction, in not reading to the jury the defendant's seventeenth instruction, and in refusing the defendant's twentieth and twenty-fourth instructions.

The plaintiff's third instruction, of which complaint is made, is as follows:

"The court instructs the jury that if you find for the plaintiff you will be required to determine the amount of her damages. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should, take into consideration all the facts and circumstances as proven by the

evidence before them; the nature and extent of plaintiff's physical injuries, if any, so far as the same are shown by the evidence; her suffering in body and mind, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe, from the evidence before them in this case, she has sustained or will sustain by reason of such injuries; her loss of time and inability to work, if any, on account of such injuries; all moneys necessarily expended or become liable for, for doctors' bills, if any, while being treated for such injuries; and may find for her such sum as in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair compensation for the injuries she has sustained or will sustain, if any, so far as such damages and injuries, if any, are claimed and alleged in the declaration."

Appellant complains of that part of the instruction which tells the jury that they may take into consideration "her suffering in body and mind, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe, from the evidence before them in this case, she has sustained or will sustain by reason of such injuries," and insists that that part of the instruction authorized the jury to take into consideration, as an element of damage, future suffering not necessarily or directly resulting from physical pain by reason of the injuries complained of, and suggests that under it the jury would be authorized to award damages for injured feelings which might arise in the mind of appellee from the injury, but which are not a part of the physical pain attending the injury and which would not be a proper element of damages. The conclusion reached by counsel for appellant seems to us to be the result of a refinement of reasoning that can hardly be attributed to the jury. The instruction clearly tells the jury, in that clause, that such future suffering and loss of health as appellee has sustained or will sustain

by reason of such injuries may be taken into account in fixing her damages, and her suffering, whether it be mental or physical, is by the instruction so inseparably connected with her injuries that it does not seem likely to us that the jury did or would feel authorized by it to award her damages upon the theory of mental worry not arising from pain, but simply from the fact that at a prior time she had been injured. This instruction, substantially, has been before this court a number of times and has uniformly been approved, and we do not regard the giving of it as error. *Hannibal and St. Joseph Railroad Co.* v. *Martin,* 111 Ill. 219; *Chicago City Railway Co.* v. *Taylor,* 170 id. 49; *West Chicago Street Railroad Co.* v. *Johnson,* 180 id. 285.

It is next insisted that the court erred in not reading to the jury the defendant's seventeenth instruction after having marked the same "given," and in placing it with the refused instructions. This instruction is as follows:

"In considering and deciding this case the jury should look to the evidence for the facts and to the instructions of the court for the law of the case, and find their verdict accordingly, without any reference as to who is plaintiff or who is defendant."

No reason is assigned or shown by the record why this instruction was not read, and we can only presume that it was an oversight on the part of the court. Appellant was given sixteen instructions; appellee was given but three. Appellee's first was a mere abstract statement of the duty of the carrier. The second explained to the jury the issues and required the jury to find from a preponderance of the evidence, and the third is set out in this opinion. Appellant's instruction No. 2 told the jury that "the instructions given to the jury by the court must be accepted by them as the law governing this case. The jury will not be justified in finding a verdict contrary to the law as laid down in the instructions." Appellant's seventh instruction told the jury that appellee

must establish her case by a clear preponderance of the evidence, and if the evidence. was evenly balanced, so that the jury could not find a preponderance, their verdict should be "not. guilty." Appellant's thirteenth instruction contained a statement of ultimate facts necessary to be found by a preponderance of the evidence, and concluded as follows: "The jurors are not to compromise between the question of liability and amount of damages, nor are they to arrive at a verdict by chance; and no juror should consent to a verdict which does not meet with the approval of his own judgment and conscience, after due deliberation with his fellow-jurors and fairly considering all the evidence admitted by the court and the law as given in the instructions of the court." As a proposition of law the instruction offered was a proper one, but it seems to us that there is not a single element in it that is not covered and as well stated in the sixteenth instruction that was given and read, and the omission to give it, or the refusal to give it if it had been refused, would not, in the light of the instructions that were given, be sufficient error upon which to reverse the case.

As a part of the series of instructions, and not by way of demurrer to the evidence, at the close of the plaintiff's case, or at the close of the whole case, appellant offered its twentieth instruction, as follows:

"The court instructs the jury that the plaintiff has produced no evidence in this case showing, or tending to show, that by reason of the alleged accident her eyesight has been in any way whatever severely impaired and permanently injured."

This instruction was refused. Appellant insists that it ought to have been given as it withdrew from the consideration of the jury one particular element of damages, because on that point there was no proof whatsoever. This element of damages was laid in the declaration and was insisted upon at the trial as a proper.element. Ap-

pellee testified that prior to the injury complained of she had had one of her eyes operated upon for a cataract; that the other was, up to the time of the injury, sound and strong; that after the injury the eye that was operated upon was much worse and the eye that had not before that time had any impairment in its sight had failed to a considerable extent; that she had constant headaches and backaches, and made other statements indicating an affection of the spine or spinal cord. Dr. Newell testified that he was the physician who first treated her for the injuries complained of, following the accident; that from a fall such as she received, from the conditions as he found them at the time he treated and examined her, and from the symptoms given, myelitis—inflammation of the spinal cord—might have resulted from the injury complained of, and that such an injury would be very apt to affect appellee's eyes. Appellant offered evidence showing that appellee had been treated before and since the injury for her eyes, and endeavored to show that the affection of her eyes or impairment of her sight was not due to the injury. Thus an issue of fact was formed upon an element of the case presented by the declaration, and the court properly refused this instruction. *Stacy* v. *Cobbs*, 36 Ill. 349.

Appellant's twenty-fourth offered instruction informed the jury that if they believed any person who testified in the case knowingly and willfully testified falsely as to any material matter, they were at liberty to entirely disregard the testimony of such person, except in so far as it was corroborated by credible evidence in the case, or by facts and circumstances shown by the evidence in the case which the jury believed to be true. This instruction was correct, in form and substance. It states an abstract proposition of law. (*Reynolds* v. *Greenbaum*, 80 Ill. 416; *City of Sandwich* v. *Dolan*, 141 id. 430.) But we do not regard the refusal of the court to give it as sufficient error upon which to reverse the case. The giving of such

an instruction is a matter lying within the sound discretion of the trial judge. (2 Thompson on Trials, sec. 2423; 11 Ency. of Pl. & Pr. 341.) In the locality of the writer the instructions of each side are usually kept separate, and read, whether by the court or counsel, in series,— those for the plaintiff being first read,—and the jury, or any ordinary observer listening to the reading of the instructions, knows at the request of which party they have been given. Such an instruction as this, given at the request of one of the parties, is very likely to be regarded by the jury as a yielding of the mind of the court to the contention of the party requesting it, that some witness or witnesses on the opposite side have sworn falsely and that the instruction is applicable to their testimony. The writer knows of a number of trial judges of high standing who will only give this instruction in duplicate, so that no improper inference as to the mind of the court may be drawn from it. Besides this, instruction 3 given for appellant was upon the credibility and weight of the testimony of the witnesses, and pointed out certain facts that might be considered, together with all the other facts and circumstances disclosed by the evidence, in arriving at and determining the credit of the witnesses. Appellant's instruction 5 told the jury that a preponderance was not made by the mere number of witnesses, but that the jury should take into consideration the appearance of the witnesses while testifying, the apparent truthfulness of their testimony or lack of it, their opportunity for knowing the facts about which they testified, and from those facts, and all others, the jury should decide on which side was the preponderance; and further told the jury, that "after fairly and impartially considering and weighing all the evidence in this case as herein suggested, the jury are at liberty to decide that the preponderance of evidence is on the side which, in their judgment, is sustained by the better informed, the more credible and the more disinterested witnesses, whether those are the greater

or smaller number." Thus it seems that the jury were fairly, and favorably for the appellant, instructed as to their authority and method of testing the evidence.

The Appellate Court did not err in any of the matters complained of, and its judgment is affirmed.

*Judgment affirmed.*