THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY

*v.*

AGNES GRUSS.

*Opinion filed December 16, 1902.*

1. NEGLIGENCE—*what tends to show willful injury.* Evidence that the train which backed down upon the plaintiff ran about one hundred and thirty-five feet after the brakeman had discovered the plaintiff's perilous position on the trestle, whereas it might have been stopped within thirty feet had the engineer been signaled, tends to show wanton injury, and in such case a liability would arise whether the plaintiff was a trespasser or not.

2. SAME—*when question whether plaintiff was a trespasser is for jury.* Whether a person walking across a trestle is a trespasser or not is a question for the jury, under proper instructions, where there are circumstances tending to show an implied consent on the part of the company to the use of the bridge as a way to the station.

*Chicago Term. Trans. R. R. Co.* v. *Gruss,* 102 Ill. App. 439, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment for $6000 recovered by appellee in the Cook superior court for personal injuries.

On June 25, 1899, Agnes Gruss, the appellee, who was then about sixteen years of age, became a passenger·on one of the trains of the appellant, the Chicago Terminal Transfer Railroad Company, at Chicago, to go to Blue Island, she having purchased a round-trip ticket for an excursion, it being a Sunday excursion to Blue Island and Calumet Grove, near by. The train was crowded with passengers, and when it reached the depot at Blue Island a great many of the passengers, appellee among them, went south over a trestle railroad bridge to said grove, some distance south of the bridge, the gate to which grove opened on the railroad right of·way. This bridge was about two hundred and fifty feet long and at least from twelve to twenty feet high, with no planking on it, there being only the rails laid on the ties, and persons passing over the bridge were obliged to walk across the ties. About five o'clock the appellee, with many others, started back to the depot and across the bridge to take the train. The evidence tended to prove that the trainmen knew that the passengers were returning to the train over this bridge. A number crossed over and boarded the train before it began to move backward over the bridge. After appellee and others had begun cross·ing the bridge, the train, which had been standing about one hundred and fifty feet from the north end of the bridge, started to back towards and across the bridge at a speed of from two to ten miles an hour, as testified to by different witnesses. Charles DeLand, a brakeman and witness for appellant, testified that he was on the rear platform as the train backed towards the bridge; that when it started he cleared the platform of passengers to give him room, thinking he might want to use it; that the train stopped within about a hundred feet of the bridge and then started again; that just as the train

reached the bridge he saw appellee and others on the bridge, and that she was about the middle of the bridge, about fifty feet away, when he first noticed her particularly; that she turned and ran back about fifty feet, while the train was gaining on her, and then stopped, and he attempted to signal the engineer to stop the train, but could not, on account of the crowd. The train ran back about thirty-five feet after striking appellee before it stopped. John Kotoski, a young man, attempted to help appellee to get off the track, but there was not room enough on the bridge outside of the track for the cars to pass them, and they were both knocked off and injured. The action was the same as that in which said Kotoski obtained judgment in *Chicago Terminal Transfer Railroad Co.* v. *Kotoski*, 199 Ill. 383, but this case was tried at a later term, and there was some difference in the evidence. No bell or whistle was sounded, but DeLand testified that he whistled with his mouth all the way back. The engineer testified that he could have stopped the train within thirty feet, but that he got no signal.

The declaration charged in some of the counts that the injury was caused by the negligence of the appellant, in the usual form, and in others that the injury was willfully and wantonly inflicted.

JESSE B. BARTON, for appellant.

JOHN F. WATERS, and JOHNSON & PEGLER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

We are of the opinion that the evidence tended to prove that appellant was guilty of wantonly backing its train against the appellee and injuring her, as charged in the declaration. It appears that the train ran back a distance of one hundred feet after the brakeman had discovered and knew her perilous position on the bridge. As the engineer testified, he could have stopped the

train within thirty feet after having received a signal to stop. It was a question for the jury, under all the circumstances in evidence, whether appellant's servants in charge of the train were guilty of willfulness or wantonness or not. If they were, the liability of the appellant would follow, whether appellee was a trespasser or not in going upon the bridge. (*Martin* v. *Chicago and Northwestern Railway Co.* 194 Ill. 138, and cases cited.) The instruction to find for the defendant was properly refused.

Under the charge of negligence, merely, the court refused to give an instruction declaring, as a matter of law, that appellee was a trespasser. There was evidence that a large number of the passengers on this particular excursion train walked across the bridge after they arrived at Blue Island, and that they returned the same way. Whether appellee was on the track by an implied permission of appellant, or was a trespasser, was, under the circumstances, a question for the jury to decide, under proper instructions from the court. A number of instructions on this question were given for appellant, leaving the question to the jury. There was no error in refusing to give the instruction that she was a trespasser.

The substance of the other instruction asked by appellant and refused is embodied in the instructions that were given.

Appellant objected to the giving of the sole instruction that was given for appellee. This instruction related solely to the question of damages, and is almost identical with plaintiff's third instruction set out in full in *Cicero and Proviso Street Railway Co.* v. *Brown*, 193 Ill. 274, and the same objection is now urged against it that was urged in that case. The same instruction, in substance, has been before this court a number of times and has uniformly been approved. *Cicero and Proviso Street Railway Co.* v. *Brown, supra*, and cases cited.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*