## Charles A. Bartlett, Administrator, etc., v. Wabash Railroad Company.

1. TRESPASSER—*when death of, confers cause of action.* Where the deceased was a trespasser upon the defendant's track at a point where he was struck by the train, his personal representative cannot recover unless the proximate cause of the death of said deceased was the wilful or wanton conduct of defendant's servants after he was discovered to be in peril or unless defendant's servants were guilty of such gross negligence at the time of the injury as to evidence wilfulness or wantonness.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

BURTON & WHEELER and M. HARTMAN, for plaintiff in error.

W. M. WARNOCK and GEORGE D. BURROUGHS, for defendant in error; C. N. TRAVOUS, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The main line of the Wabash Railroad passes through the city of Edwardsville, some distance from the center of the city. From a point on its line known as the "Lower Depot" it operates a branch about two miles long to a point near the court house, known as the "Upper Depot." An independent train is operated by the company over the branch line for the purpose of carrying passengers between the upper and the lower depots. About midway between the two depots is a place known as Citizens' Park. On July 20, 1902, the railroad company ran an excursion train from St. Louis to Citizens' Park. Among the passengers

was Benjamin Stampfer, a resident of St. Louis, who had a round trip ticket. Late in the afternoon the excursion train came to the picnic grounds to take up the excursionists for the return trip. Stampfer started for the train but it pulled out just before he reached it and he, together with Joseph Bender and several others, started rapidly down the railroad track to catch the train at the lower depot. At this time it was just getting dark. Stampfer, who was sixty years of age, short and stout, was unable to keep up with the others, who ran down the track and caught the train on the main line at the lower depot. When Stampfer was still some distance from the lower depot, the train which was operated on the branch road, came up behind him. It was composed of a passenger coach, a combination coach and an engine and was backing down from the upper to the lower depot with the passenger coach in front. Daily, a brakeman who was acting as conductor of the branch train that day, was standing on the platform on the front end of the train as it was then going. As the train rounded a sharp curve, running at the rate of from six to eight miles an hour, Daily for the first time saw Stampfer. The train was equipped with air brakes and there was an appliance attached to the air hose by which the brakeman on the platform could permit the air to escape, causing a sharp whistle. As the train got nearer Daily shouted to Stampfer to get off the track but the latter paid no attention to the warning, and when the train was from twenty-five to thirty feet from him Daily sounded the air whistle and caused the brakes to be applied. One of the witnesses, McGrath, testified that Stampfer did not seem to hear the whistle for a while and that when he heard it, the train being then about fifteen feet from him, he began to run forward on the track. Whether he heard the whistle or not, Stampfer began to run down the middle of the track when the coach was about fifteen feet from him and was overtaken, knocked down and killed by the train. An administrator was afterwards appointed and suit brought against the railroad company, the declaration

charging that the death of Stampfer was brought about by the wilful, reckless conduct of the railroad company's servants in the operation of said train. At the close of plaintiff's evidence the court instructed the jury to find the defendant not guilty.

Deceased was a trespasser upon defendant's track at the point where he was struck by the train and cannot recover under the declaration in this case, unless the proximate cause of his death was the wilful or wanton misconduct of defendant's servants, after he was discovered to be in peril, or unless defendant's servants were guilty of such gross negligence at the time of the injury as to evidence wilfulness or wantonness. I. C. R. R. Co. v. Godfrey, 71 Ill. 500; 1. C. R. R. Co. v. Hetherington, 83 Ill. 510; Blanchard v. L., S. & M. S. Ry. Co., 126 Ill. 416; Smith v. C. & E. I. R. R. Co., 99 Ill. App. 296. Counsel for plaintiff in error rely upon the cases of Chicago Terminal Co. v. Kotoski, 199 Ill. 383, and same v. Gruss, 200 Ill. 195, which they insist are directly in point and remove all doubt of the necessity for a reversal of this case. Both of the cases named grew out of injuries occurring at the same time and place and in both the Supreme Court sustained judgments against the railroad company. These cases, however, differ very materially from the one before us in regard to the circumstances leading up to the injury. In them the parties injured were upon a long trestle so narrow that they could not step aside to escape the train. The train had been standing with its rear end about one hundred and fifty feet from the end of the trestle, and when they were about the middle of the trestle, the train started to back, without giving any signal, and ran over them before they could reach a place of safety, while in full view of the trainmen upon the platform of the coach. The fact that the brakemen called to them before the train struck them, was of no avail to them whatever, as there was no place of safety for them upon the trestle and they could not reach the end of it in time. In those cases it might well be said there was proof tending to show either wilfulness or such gross negligence as to evidence wilfulness.

In the case we are considering, however, the brakeman began to shout to Stampfer as soon as the latter came in sight and later on sounded the air whistle to notify him of the approach of the train. All Stampfer had to do to protect himself from danger was to step to one side of the railroad track, but the only effect of the warning, if any, was to cause Stampfer to increase his speed, seeing which the brakeman applied the air to stop the train, doing what he could to avert the injury. We are of opinion that not only does the record fail to disclose any proof tending to show actual wilfulness or wantonness on the part of those in charge of defendant's train, but that it also fails to disclose proofs tending to show such gross negligence on the part of defendant's servants on the train, as to evidence wilfulness or wantonness.

The judgment of the court below is affirmed.

*Affirmed.*