## United Breweries Company v. Patrick H. O'Donnell, Administrator.

### Gen. No. 12,015.

1. VERDICT—*when not disturbed.* Where the evidence is conflicting and wholly irreconcilable and beyond the power of jury or court to harmonize, the credibility of the conflicting witnesses is primarily for the jury and an appellate tribunal will not disturb their conclusion in that regard if the testimony of the successful party, considered by itself, is clearly sufficient to sustain the verdict, unless it can see that error has intervened in the trial, or unless the verdict is clearly and manifestly against the weight of the evidence.

2. NEW TRIAL—*when not granted for newly discovered evidence.* Newly discovered evidence which is partly impeaching and partly cumulative in character, and not conclusive, is not ground for granting a new trial.

3. ORDINARY CARE—*how question of exercise of, by minor, determined.* Whether a minor, at the time he was killed, was in the exercise of such care for his own safety as should be expected of a child of the same age, intelligence, experience and ability to confront danger in similar circumstances, is a question for the jury and not for the court.

4. DISREGARD COUNT—*when not error to refuse to instruct jury to.* It is not error to refuse to instruct the jury to disregard a particular count notwithstanding there is no evidence to sustain it, where there is in the declaration one good count which there is evidence to sustain.

5. WITNESS—*right to permit recalling of*. It is within the discretion of the trial court to permit a party to recall a witness.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed December 14, 1905. Rehearing denied December 23, 1905.

**Statement by the Court.** This is an appeal from a judgment recovered by appellee for the wrongful death of John Klonowski, who was killed by a wagon belonging to appellant October 17, 1900, on Paulina street near 46th street in Chicago. Paulina street runs north and south; 46th street is an east and west highway. At the time of his death the deceased was a school boy aged eight years. It was the noon hour, and the boy had left his home on 46th street to go east across Paulina street to the school house. The wagon was a covered bottled beer wagon, drawn by two horses. It was in charge of two men, the driver and his helper, and was proceeding south in Paulina street when the deceased was run over and killed.

The evidence of appellee tended to prove that as the boy reached Paulina street and started to cross that street the wagon came very rapidly from the north, and, before he could escape, the tongue of the wagon struck him in the side, killing him instantly.

The evidence of appellant tends to prove that the deceased, with three other boys, was walking in a southerly direction in Paulina street; that one of these boys was Tony Paluszek, a brother of the driver of the team; that when the wagon came near Tony asked for a ride and the driver assented, stopping the team; that Tony ran around the rear of the wagon from the east side to the west side, and climbed up the west front wheel to the seat, when the team was started on; that the deceased, without the knowledge of the driver or his helper, followed and attempted to climb on the wagon at some point near the west front wheel, wholly out of sight of those who were on the wagon; and that when the wagon

started up he fell to the ground and was run over by the west hind wheel.

The first count of the declaration charged that the defendant "carelessly, negligently, wilfully and maliciously managed and drove said team," etc.

The second count alleged that the defendant "carelessly, wilfully and negligently employed and permitted an incompetent person to drive" said team, etc.

The cause was tried before a jury, which returned a verdict in favor of appellee for the sum of $3,775, and judgment was entered thereon.

FRANK J. CANTY, EDWARD E. GRAY, and ROYAL W. IRWIN, for appellant.

WILLIAM A. DOYLE, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant contends that the declaration is defective in that it contains no allegation that the next of kin, who had the custody and control of the deceased and for whose benefit this action was brought, were in the exercise of due care and caution for the welfare of the deceased.

Had appellant demurred to the declaration because of this omission, the demurrer would have been well taken. Instead of so doing, it filed the general issue. This defect is one that is cured by verdict. The law is that when anything is omitted from the declaration which must be proved in order that the plaintiff may have a verdict, and there be a verdict for him, such omission is not ground in arrest of judgment. City of East Dubuque v. Burhyte, 173 Ill., 555; U. S. Brewing Co. v. Stoltenberg, 113 Ill. App., 437.

Counsel for appellant further contend that the verdict is against the weight of the evidence, and that therefore the judgment should be set aside and a new trial be granted. In their brief they say that "The testimony introduced by the defendant was diametrically opposed to that of the plaintiff." Two witnesses who saw the boy run down, and one other witness who saw the wagon just before the accident, and

again so soon after that it had not yet come to a standstill, substantially agree upon the material facts as claimed in the theory of appellee.     Two other witnesses who saw the accident state the facts as claimed in the theory of appellant, and they are supported in many particulars by four witnesses. The evidence on the one side is wholly irreconcilable with that on the other.     When the testimony is thus conflicting and is beyond the power of the jury or of the court to harmonize, the credibility of the conflicting witnesses is primarily for the jury; and an appellate tribunal will not disturb their conclusion in that regard if the testimony of the successful party, considered by itself, is clearly sufficient to sustain the verdict, unless it can see that error has intervened in the trial, or that the verdict is clearly and manifestly against the weight of the evidence.     Netcher v. Bernstein, 110 Ill. App., 489, and Supreme Court cases cited.

The testimony shows, without dispute, that none of the bones of this child were broken, and that the only mark on his body was a round bruise about the size of an ink well on his left side just below the ribs.     Such an injury might be made by a wagon tongue, and could not well result from a heavy wheel passing over the body of the boy.

This case has been twice tried, and this is the second verdict rendered in favor of appellee.     There is no reason to believe that a third trial would result differently.     We cannot set aside this verdict as against the weight of the evidence.

The newly discovered evidence presented by appellant on the motion for a new trial was partly impeaching and partly cumulative, and is not conclusive.     A new trial will not be granted upon evidence of that character.     The People v. McCullough, 210 Ill., 488, 518, and cases cited; C. C. Ry. Co. v. Bohnow, 108 Ill. App., 346.

Whether the deceased at the time he was killed was in the exercise of such care for his own safety as should be expected of a child of the same age, intelligence, experience and ability to comprehend danger in similar circumstances, under the evidence in this case was a question for the jury and not

for the court.   Chicago U. T. Co. v. O'Donnell, 211 Ill., 351.

Appellant contends that the first instruction given at the request of appellee is defective because it omits the phrase, "under similar circumstances."   If this be error, it is cured by given instruction No. 20, tendered by appellant, wherein, in describing the care this boy should have exercised for his personal safety, the phrase "under similar circumstances" is used.   We do not consider the other objections taken to this instruction as material.

Instruction No. 2, given at the request of appellee and objected to by appellant, is approved in C. & P. St. Ry. Co. v. Brown, 193 Ill., 274.

The third instruction given on behalf of appellee was approved, in the face of the same objection as is here made, in U. S. Brewing Co. v. Stoltenberg, 211 Ill., 534.

Appellant further contends that it was error for the court to refuse its tendered instruction No. 45, which would have informed the jury that there was not sufficient evidence to warrant a recovery under the second count, and that as to that count their verdict should be not guilty.   It is unnecessary to marshal the evidence upon the question as to whether or not the driver of this wagon was an incompetent person, because the first count is a good one, and the evidence fairly tends to sustain it.   In such case it is not error to refuse to instruct the jury to find for the defendant upon another count although there is no evidence to sustain the latter count. C., W. & V. Coal Co. v. Moran, 210 Ill., 16.

It is urged that it was error to admit the evidence of the witness Sawinski that "the wagon was coming at full speed." Similar statements as to speed have been held to be evidence of a fact and not the expression of mere opinion.   C. C. Ry. Co. v. Bundy, 210 Ill., 45 ; C. C. Ry. Co. v. Matthieson, 212 Ill., 292.

The recalling of the witness Bruhnke after appellant had closed its case was clearly within the discretion of the trial judge, and therefore is not error.

Appellant complains that the verdict of $3,775 is excessive. The trial was a fair one, the given instructions stated ap-

pellant's case fully, and it does not appear that the jury were influenced by any improper motive. The statute declares that "in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person"—thereby, in express words, committing the finding of the amount of damages within the limit fixed by the act in this class of cases to the jury. Hence, unless we find from the evidence that the amount of the verdict is necessarily excessive, or that the verdict does not represent the honest judgment of the jury, or that they were moved by passion or prejudice, or that they wholly misconceived the testimony, we have no right to disturb their finding. None of these defects appearing, we agree with the conclusion reached by the trial judge, that the damages as found are not excessive.

There being no reversible error in this case, we affirm the judgment of the Circuit Court.

*Affirmed.*