## THE NATIONAL ENAMELING AND STAMPING COMPANY
### *v.*
### GEORGE W. McCORKLE.

*Opinion filed February 21, 1906.*

1. TRIAL—*questions of contributory negligence and assumed risk are not questions of law if evidence is conflicting.* In an action by a servant against the master for injuries received while at work, the questions of contributory negligence and assumed risk are not questions of law for the court where the evidence is conflicting, or where, conceding the plaintiff's evidence to be true, with the inferences that may legitimately be drawn therefrom, reasonable men might differ in their conclusions as to such questions.

2. FELLOW-SERVANTS—*when instruction as to fellow-servants is properly refused.* An instruction which holds that if the plaintiff, who was a carpenter, worked in such a position and so close to the crane-man that he could see how the latter performed his work then the two were fellow-servants, is properly refused, as assuming that such facts would create the relation of fellow-servants even though the crane-man had not seen the carpenter and did not know he was working in the position he occupied, since the relation between servants must be mutual to make them fellow-servants.

3. INSTRUCTIONS—*giving least favorable of two instructions on same subject is not error.* Where two instructions upon the same subject are offered the court is not required to give both, and it is not error if it gives the one the least favorable to the party submitting it.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

WISE & McNULTY, and McKEIGHAN & WATTS, for appellant.

A. B. GARRETT, and BURTON & WHEELER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Madison county in favor of the appellee for the sum of $1087, for a personal injury alleged to have been sustained by the appellee while in the employ of appellant.

The first contention of the appellant is, that the trial court erred in declining to instruct the jury, at the close of all the evidence, to return a verdict in its favor, on the grounds that the appellee was guilty of contributory negligence and assumed the risk of being injured by the crane which caused his injury.

The manufacturing plant operated by appellant at Granite City, Illinois, consisted of two departments, the "soaking pit" department and the "machine shop" department, and was carried on in a building containing one room 80 feet wide and 145 feet long. The soaking pit department occupied the south half and the machine shop department the north half of said room. In each department there was a large crane, which was operated upon a track laid upon an I-beam situated about twenty feet above the floor, which passed around the outer edge of the space occupied by each department. The appellee, who was a carpenter, in company with another carpenter by the name of Blanford, was set to work by Brueggemann, the foreman in the carpenter department, setting four-by-four studding for a partition lengthwise through said room, to separate the soaking pit department from the machine shop department. The north I-beam upon which the crane track in the "soaking pit" department ran, and the south I-beam upon which the crane track in the machine shop department ran, were near the center of the room and ran parallel to and the edges of the beams came within about eighteen inches of each other, and the top and bottom,—that is, the flanges of the I-beams,— were about twelve inches in width. The studdings were placed under the center of the north beam in the soaking

pit department, and were toe-nailed at the bottom to the floor and fastened at the top to the I-beam with clamps, which were drawn together by a bolt and nut, which bolt passed through the upper end of the studding. At the time appellee was injured he was standing upon the flanges between the I-beams, stooped over, holding to the rail upon the top of the north I-beam with one hand and with the other was tightening a nut upon the end of the bolt which projected through the south side of a studding, and while thus engaged the crane from the machine shop department, which had been standing upon the track west of the place where appellee was working, passed east and ran over his arm, and crushed it in such manner that amputation was necessary above the elbow.

The appellee and Blanford had been at work in another part of the plant, and had, as directed by their foreman, just prior to appellee being injured, returned to the work upon the partition. The foreman notified Blanford, on his return, to look out for the crane, as it was going to do work in the west end of the building. The appellee was absent at that time and was not notified that the crane was going to do work in the west end of the building. The place where appellee was working was poorly lighted, it was very noisy in the building, and the room was filled with smoke and gases from the soaking pit, and the appellee testified that he had never seen the crane on the track west of the point where he was injured prior to his injury, and did not know it was in that part of the building until it ran over his arm, and the operator in charge of the crane testified he did not see the appellee between the I-beams or know he had hold of the rail until after the crane passed over his arm, and appellee and Blanford both testified appellee was performing the work in the usual manner, and had assumed the only position at the time he was injured from which it was possible for him to reach the nut on the south side of the studding and tighten it, and that it was necessary for him to take hold of

the rail with one hand while tightening the nut with the other, to prevent him from falling forward between the I-beams to the floor.

The question of contributory negligence and assumed risk are ordinarily questions of fact to be determined by the jury. Those questions are never presented to the court as questions of law when the evidence is conflicting, as it is here, or when, conceding the testimony on the part of the plaintiff to be true, with the inferences that may legitimately be drawn therefrom, reasonable men might differ upon the questions of whether the injury was caused in consequence of the negligence of the plaintiff or the plaintiff had assumed the risk which was the proximate cause of his injury. In this case the foreman of appellee ordered the crane-man to take his crane to the west end of the room and move a planer. He then directed appellee to go to work on the partition; without notifying him the crane was west of the point where he was to work. He afterwards directed the crane-man to take the crane to the east end of the building. In so doing the crane necessarily passed the point where the appellee was at work. Appellee was not notified of the position of the crane and that it would pass the point where he was at work, nor was the crane-man notified of the presence of appellee, and to avoid injuring him, at the time he was directed to move the crane. By reason of the poor light and the smoke and gas in the room and the noise in the building the appellee did not see or hear the moving crane and the crane-man did not see the appellee. It clearly was for the jury, in view of those facts, to say whether the appellee so far contributed to his injury by his own negligence as to defeat his right to recover, or whether he assumed the risk of being injured by the moving crane when he entered upon the construction of said partition. We think the court did not err in declining to take the case from the jury.

It is next contended the court improperly instructed the jury on behalf of the appellee. The court gave to the jury

upon behalf of the plaintiff but two instructions.  The first instruction advised the jury as to the measure of damages in case they returned a verdict in favor of the plaintiff.  That instruction is substantially in the same language as an instruction given in the case of *Cicero and Proviso Street Railway Co.* v. *Brown,* 193 Ill. 274, and which has since been approved in *Chicago Terminal Transfer Railroad Co.* v. *Gruss,* 200 Ill. 195, and *Chicago and Milwaukee Electric Railway Co.* v. *Ullrich,* 213 id. 170.

The next instruction given on behalf of the plaintiff informed the jury that the plaintiff was entitled to recover if he had proved, by a preponderance of the evidence, the charge of negligence laid in either count of his declaration, if the jury believed the *defendant* was in the exercise of due care for his safety and that the plaintiff had not assumed the risk of being injured in the manner in which he was injured. It is apparent the plaintiff used the word "defendant" in this instruction where he intended to use the word "plaintiff," as it is clear the instruction was intended to announce to the jury that before the plaintiff could recover he must establish, by a preponderance of the evidence, that the plaintiff, and not the defendant, was in the exercise of due care for the plaintiff's safety.  The instruction, therefore, in this particular, is defective.  The defendant, however, in several of its instructions given to the jury announced that the plaintiff could not recover unless at the time of the injury he was in the exercise of due care for his own safety.  We do not think, therefore, the jury were misled by the giving to them of that instruction in the form in which it was framed.  Especially do we think the error in the instruction harmless error as we are of the opinion the jury could not have reached a different verdict from what they did, in view of the evidence found in this record.

The appellant also urges that the court refused proper instructions offered upon its behalf.  The first refused instruction offered on behalf of the defendant was covered by

its sixth and seventh instructions which were given, and its second refused instruction was covered by its given instructions Nos. 5, 8 and 12. The court is not required to give to the jury more than one instruction upon a particular subject, and the fact that the court gives to the jury, where two or more instructions are presented upon the same subject, the instruction which is least favorable to the party offering them, is not error.

The third instruction was to the effect that if the plaintiff, "while doing his work, would work in plain view and close to the crane-man and could see how he performed his work," then the plaintiff and the crane-man were fellow-servants. This instruction assumes if plaintiff had knowledge of the presence of the crane-man and the manner in which he operated the crane it would create the relation of fellow-servants between him and the crane-man, even though the crane-man had never seen the appellee and did not know he was engaged in work upon said partition. The relation between the servants must be mutual. It would not be possible for the appellee to be the fellow-servant of the crane-man unless the crane-man was the fellow-servant of appellee. The relation between servants of a common master, in order to create the relation of fellow-servants, must be such that they are brought into such personal relation, either by co-operating in the same work at the time of the injury or by their usual duties, that they may exercise an influence upon each other promotive of their mutual safety. *Pagels* v. *Meyer,* 193 Ill. 172.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*