Nathaniel S. Cutright et al., Appellees, v. Adams Express Company, Appellant.

Gen. No. 5,669.

1. ROADS AND BRIDGES—*turning to right.* Under R. S. c. 121 § 77, providing that carriages shall turn to the right on meeting, except when the nature of the ground makes it impracticable, one driving a wagon is not required to turn to the right where a pile of bricks is so located in the street that it is impossible to pass on the right side thereof, but under the common law he may turn to the left.

2. NEGLIGENCE—*when evidence justifies finding as to care exercised by drivers.* A verdict that plaintiff was exercising due care and that defendant was guilty of the negligence charged is warranted where, when plaintiff turned his team to the left to pass around a street obstruction, the defendant driving rapidly collided with him and the shaft of his wagon was driven into the body of one of plaintiff's horses, killing him, and it appears that defendant's horse could easily have passed between plaintiff's team and the curb, that defendant saw plaintiff's team some time before the accident, that because of his low seat plaintiff could not see, that defendant was going rapidly but plaintiff's team was walking, that plaintiff could not have avoided the accident, and that plaintiff had had fifteen years' experience but defendant had had only eight months' experience.

3. INSTRUCTIONS—*repetition.* Only one instruction is required on any particular subject.

Appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

STEVENS, MILLER & ELLIOT, for appellant.

PAGE, WEAD, HUNTER & SCULLY, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

On November 12, 1910, one of appellees' teams collided with one of appellant's wagons on Depot street at the foot of Oak street in the city of Peoria. Depot street runs northeast and southwest along the Union station and is about sixty-six feet in width, and Oak street runs at right angles therewith. The space southwest of the Union station is used by various express companies having offices there. There is a railroad track running along the middle of Depot street and it is sixteen feet from the southwesterly rail to the curb of Depot street at the corner of Oak street. There is a post about eight inches in diameter, about eight or ten feet from the west corner of the Union station. On the day in question, about twenty feet west of this post, there was a pile of brick on the upper side of Depot street at the intersection of Oak street, which reached to the southerly rail of the track in the middle of the street. At about noon of the day of the collision appellees' driver was driving in a southwesterly direction down Depot street in the middle of the track. As he reached Oak street he turned his team towards the left in order to pass around the brick pile. Just as he turned to the left, appellant's horse and wagon came out of the open space, headed up Depot street at an angle of about 45°, and struck the left horse of appellees' team. One shaft of the wagon punctured it back of the left shoulder and penetrated its body about 22 inches. The horse died as a result of the collision.

Appellees sued appellant in the Circuit Court of Peoria county to recover the value of the horse. The declaration charged that the horse died from the injuries received through the negligence of appellant's driver while appellees' driver was in the exercise of due care for the safety of their team. A plea of not guilty was interposed. Upon a trial appellees obtained a verdict and a judgment for $225 from which judgment this appeal is prosecuted.

Section 77 of chapter 121 of the Revised Statutes, entitled Roads and Bridges, is as follows:

"Whenever any persons, traveling with any carriages, shall meet on any turnpike, road or public highway, in this State, the persons so meeting shall seasonably turn their carriages to the right of the beaten track, so as to permit each carriage to pass without interfering or interrupting, under the penalty of five dollars for every neglect or offense, to be recovered by the party aggrieved; *Provided,* this section shall not be construed to apply to a case where it is impracticable from the nature of the ground for the driver of the carriage or wagon to turn to the right of the beaten track."

The proof showed that the pile of bricks above mentioned was so located in the street that appellee could not pass with his team and wagon on the right side of the street as he was going. Therefore under this proviso he was not required to turn to the right, but had a lawful right to turn to the left under the common law applying to such a condition.

There was evidence that appellant's horse came out of the open space and struck appellees' horse while going at a trot, and it is clear that appellant's horse was going at a considerable speed, because the shaft was driven from eighteen to twenty-two inches into the body of appellees' horse. At the time of the collision there was a space of ground eight to twelve feet between the horse that was struck and the curb on the southerly side of Depot street. Appellant's wagon was about six feet wide. Clearly appellant's horse could very easily have passed between appellees' team and the curbing without touching either one and if, as appellant's driver said, he had been headed up Depot street, hugging the curbing on the lower side of the street, it would have been impossible for him to have struck appellees' team. If appellant's wagon came out from the open space at the southwest end of the depot and headed up Oak street it would be at an angle of about 45° to the line of travel of appellees'

team, and as he struck appellees' horse in the side it becomes apparent that there was nothing appellees' driver could possibly have done to avoid the collision. Appellees' driver sat low down on a plank laid across the bed of a wagon with a heavy team in front. Appellant's driver sat on an elevated seat with but one light horse in front of him. Appellees' team was walking at the time of the injury. Appellant's driver saw appellees' team and driver from the time he started from the open space to the time he struck the team. Appellees' driver did not see appellant's horse or wagon until after the collision. The fact that appellees' driver was seated low behind his horses and that appellant's driver saw that fact a considerable period of time before the collision, as he himself testified, imposed upon appellant's driver the exercise of a high degree of care to avoid the collision. Appellees' driver was a man of 15 years' experience, and appellant's was a young boy under 20 years of age who had had but eight months' experience. Whether, under the circumstances appearing in evidence, appellees' driver was exercising ordinary care for the safety of his team, and whether appellant's driver was in the exercise of reasonable care, and whether it was negligence for him to go ahead under all these circumstances, were questions of fact for the jury. Their finding was to the effect that appellees' driver was in the exercise of ordinary care and that appellant's driver was guilty of the negligence charged in the declaration. Applying the rule that each person must use reasonable care to avoid a collision such as the place and circumstances require, and what is reasonable care in any given case being a question for the jury in view of all the circumstances, we see no reason to disturb the verdict of the jury on these questions of fact.

The court refused nine instructions requested by appellant, but it is only urged that the court erred in the refusal of the second, fifth and seventh. The prin-

ciple of law announced in the second instruction was contained in appellant's third given instruction. The court is not required to give the jury more than one instruction upon any particular subject. National Enameling & Stamping Co. v. McCorkle, 219 Ill. 557. The fifth ignores the evidence that the situation was not seen by appellees' driver. This instruction would in effect have told the jury that appellant's horse and wagon had a superior right to the use of the street over the team of appellee. It does not clearly set forth the law of the road as applied to the conditions existing at that place at the time of the injury. The seventh placed an obligation upon appellees' driver greater than that placed upon him by the law.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*