## Rowland Gannon, Appellant, v. Mildred Kiel, Appellee.

Heard in this court at

the October term, 1928. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opinion filed February 1, 1929.

T. S. Morgan, for appellant.

Pope & Driemeyer, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee recovered a judgment in the city court of East St. Louis against appellant in an action of tort and procured an execution against his body. Appellant then filed a petition in the county court, under section 2 of the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 2, asking to be discharged from imprisonment. Appellee answered and upon a hearing the court dismissed the petition and remanded appellant to the custody of the sheriff.

The declaration in the action in which appellee recovered judgment consisted of two counts. The first charged appellant with general negligence in the operation of his car which caused appellee's injury and that she was then and there in the exercise of ordinary care for her own safety. The second charged that appellant, in reckless disregard of the rights of pedestrians, wilfully and wantonly drove his automobile against appellee, and wantonly and wilfully injured her.

In the law of negligence, if a person intentionally inflicts an injury he may be found guilty of wilful and wanton negligence. If he does not intentionally inflict the injury but his conduct is such as to charge him with constructive or legal wilfulness he may be found guilty of wilful and wanton negligence even though he had no intent to injure anyone. *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464; *Bremer v. Lake Erie & W. R. Co.*, 318 Ill. 11; *Brown v. Illinois Terminal Co.*, 319 Ill. 326.

In an action of tort a defendant may be guilty of wilful and wanton negligence without malice being the gist of the action within the meaning of the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 5. That is by reason of the fact that his conduct may be such as to charge him with constructive or legal wilfulness even though he had no intent to injure anyone.

If issues are made upon all the counts in suit against an insolvent debtor, including one of which malice is the gist, a judgment upon a general verdict is responsive to such issues and prima facie establishes that malice was the gist of the action, and the burden is upon the petitioning debtor to show the contrary. *Jernberg v. Mix,* 199 Ill. 254.

The term "malice," as used in the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 5, implies a wrong inflicted on another with an evil intent or purpose. It requires an intentional perpetration of an injury or a wrong on another. Such intention to commit the wrong is necessary to deprive the party of the right to a discharge from arrest or imprisonment under the act. *First Nat. Bank of Flora v. Burkett,* 101 Ill. 391; *Seney v. Knight,* 292 Ill. 206.

In the case at bar appellee admitted in her answer to the petition that the evidence in her case against appellant showed that appellant did not see appellee prior to the time of the collision. That being true, we are of the opinion that it cannot be rightfully said that malice was the gist of the action within the meaning of the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 5. Appellant might be guilty of constructive or legal wilfulness so far as the law of negligence is concerned. Constructive or legal wilfulness, however, is not sufficient to show that malice was the gist of the action. How can it be said that appellant intentionally perpetrated the injury of appellee if he did not see her or know that she was present? As we understand the law, there

must be an actual intention to perpetrate the injury and that it is not sufficient that appellant may have been guilty of constructive or legal wilfulness. Under appellee's admission we are of the opinion that the court erred in dismissing appellant's petition and remanding him to the custody of the sheriff. The judgment is reversed and the cause remanded with directions to discharge appellant.

*Reversed and remanded with directions.*