### Florence Layton, Appellee, v. Adam Ogonoski, Appellant.

462

Opinion filed February 12, 1930.

WHEELER & OEHMKE, for appellant; WM. C. DUNHAM, of counsel.

POPE & DRIEMEYER, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal from a judgment rendered against appellant in the city court of East St. Louis for personal injuries sustained by appellee in a collision between a car in which appellee was riding and an automobile driven by the appellant's son.

The collision occurred at the intersection of Missouri Avenue and Eighth Street in the business portion of East St. Louis. Missouri Avenue extends east and

west and is about 39 feet wide, and Eighth and Ninth Streets intersect Missouri Avenue, Eighth Street being about 30 feet wide. The Ford coupe in which appellee was riding, being operated by one George Garrison, was driven north on Ninth Street to Missouri Avenue and then west towards Eighth Street. Appellant's car was driven by his son, east on Missouri Avenue towards Eighth Street. It was a large seven passenger Dorris sedan, weighing about 4,000 pounds. The accident occurred about five o'clock in the afternoon on April 1, 1929.

Testimony on the part af appellee tended to show that the car in which she was riding was driven northerly on Ninth Street to Missouri Avenue, where it made a boulevard stop, and then traveled west one block to a point about two-thirds across Eighth Street where it collided with the car of appellant while the latter was attempting to turn north on Eighth Street. The cars were jammed together and stopped at the northwesterly corner of the intersection; the car in which appellee was riding which was being driven at a rate of 12 to 15 miles an hour, slowed down when it reached Eighth Street, and when the traffic permitted, Garrison, who was driving the car, started across Eighth Street. Appellant's car was being driven easterly on the south side of Missouri Avenue, and, when near Eighth Street, the driver attempted to turn north while driving at a fast rate of speed. Without giving any signal appellant's car turned diagonally across Missouri Avenue and collided with the car in which appellee was riding. Appellee testified she was almost across Eighth Street when she noticed appellant's car swerve into the car in which she was riding; that the driver of appellant's car gave no signal and the only thing she saw the driver do was to throw up his hands the minute the impact occurred; that the car in which she was riding was on the right-hand side of the street; that when the cars collided appellee was thrown for-

ward against the dashboard, severely injuring her knees. Garrison, the driver of the car, corroborated appellee's version of the accident; further testified that the driver of appellant's car did not sound his horn or give any signal indicating that he was about to turn north; that the traffic was heavy and as he approached Eighth Street, was watching his opportunity to go across the street and noticed appellant's car coming east, west of Eighth Street, on the opposite side of the street. The witness, Henneberry, a pedestrian who was on the south side of Missouri Avenue at Eighth Street, substantially corroborated appellee's version of the accident.

The driver of appellant's car stated that as he approached Eighth Street he was going 10 or 12 miles an hour, and when near the intersection he looked towards Tenth Street to see if any cars were coming, and signalled that he was going to turn north; that as he approached closer to the intersection he was traveling five miles an hour, looking towards Tenth Street, and, not seeing any car approaching, gave a signal to turn north. As he gave the signal he looked back to see what was coming in the rear and when he immediately looked back to the east he saw a Ford car coming towards him; that he immediately stopped and the Ford ran into him while he was making the turn on the north side of Missouri Avenue; that he first saw Garrison's car when it was five or six feet away from him. The witness Schaefer corroborated appellant's driver as to his version of the accident and testified that appellant's driver was traveling three or four miles an hour at the time he made the turn; that appellant's driver did give a signal with his left hand, and the car was traveling three or four miles per hour at the time it collided with the Ford.

The declaration consisted of three counts and the jury found appellant guilty under the first and third counts of the declaration. The first count charged gen-

eral negligence and the third count that the injury was wilfully and wantonly inflicted. The jury returned a verdict in favor of appellee in the sum of $3,000, and motion for new trial was made and overruled.

Appellant contends that the trial court erred in refusing to direct a verdict upon the ground that there was a variance between the allegations of the declaration and the proof in the case. The first count of the declaration charges that appellant's car ran upon and struck the automobile in which appellee was riding. The third count charges that appellant's car collided with the car in which appellee was riding. Appellant contends that the evidence shows that the Ford car ran into and struck appellant's car and that under the authority of the case of *Buckley v. Mandel Bros.*, 333 Ill. 368, there is such a fatal variance that the case should be reversed. In the *Buckley* case the proof showed that the cars which collided in that case were moving in the same general direction. In the case at bar the proof shows that the two cars were moving towards each other just prior to the collision, and the evidence was conflicting as to whether or not appellant's car was moving at the time of the impact. In view of this conflicting evidence we hold it was a question of fact for the jury to determine and that the trial court did not err in refusing to direct a verdict on the ground of variance.

Appellant's next contention is that the trial court erred in refusing to direct a verdict on the third count of the declaration upon the ground that the general verdict on the first count of the declaration, charging negligence, and the third count, charging wilfulness, was bad, in that a general verdict could not be based on these two counts. Appellant's counsel argue that appellee's injuries could not have been caused negligently and wilfully at the same time and that a general verdict based upon separate counts, one charging negli-

gence and one charging wilful and wanton negligence cannot stand. We do not think there is any merit in counsels' contention. The verdict in this case found the defendant guilty under the first and third counts of the declaration. In *Eldorado Coal & Coke Co. v. Swan,* 227 Ill. 586, it was held that a separate finding of guilty on each count of the declaration in a personal injury case has no other effect than a general verdict finding the defendant guilty as charged in the declaration and that it is not necessary, in order to sustain the judgment, that all counts be sustained, and that one good count sustained by the evidence is sufficient.

In tort the plaintiff may prove a part of his charge if the averment is divisible, and proof of a part of the allegations, if sufficient to establish a case, will sustain a judgment. *Guianios v. DeCamp Coal Min. Co.,* 242 Ill. 278. In the foregoing case it was held that where the proof shows that the act was caused by the negligence of a defendant that a recovery could be sustained under a declaration charging wilful negligence, even though the negligence proved was not wanton or wilful.

If issues are made upon all the counts in a suit against a defendant, including one of which malice is the gist, a judgment upon a general verdict is responsive to such issue and prima facie establishes that malice was the gist of the action, and the burden is upon the defendant to show the contrary. *Jernberg v. Mix,* 199 Ill. 254; *Gannon v. Kiel,* 251 Ill. App. 389. It is the practice in this State to try personal injury cases under declarations, the separate counts of which charge negligence and wilful and wanton misconduct (*Chicago Terminal Transfer R. Co. v. Gruss,* 200 Ill. 195) and although the rules of law as applied to the separate counts of such a declaration are not the same, it has never been thought for that reason such counts could not be joined in the same declaration. *Marquette Coal Co. v. Dielie,* 208 Ill. 116.

Appellant further contends that the evidence does not sustain the charge of wilfulness in the declaration and that the trial court should have directed a verdict under the third or wilful count of the declaration.

Whether the negligent conduct of a defendant which has resulted in injury to another amounted to wantonness is a question of fact to be determined by the jury, if there is any evidence in the record fairly tending to show such a gross want of care as indicates a wilful disregard of consequences or a willingness to inflict injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness such as charges the person whose duty it was to exercise care with the consequences of a wilful injury. *Walldren Express & Van Co. v. Krug,* 291 Ill. 472. There was evidence from which the jury might have found that the driver of appellant's car suddenly turned north at Eighth Street, in front of the car in which appellee was riding, without warning or signal indicating his intention to turn, when it was apparent that such a heedless and reckless act would be liable to lead to serious injury to life and property. Appellant's driver testified that before making the turn he looked and did not see the oncoming car in which appellee was riding. In view of the undisputed fact that the car in which appellee was riding had either arrived at Eighth Street or had proceeded across, when appellant's driver undertook to cut the corner, the jury might reasonably infer that appellant's driver was not looking or giving proper attention to traffic coming from the east.

It is peculiarly the province of the jury to determine under all of the circumstances whether appellant's driver was guilty of such a degree of negligence as could be said to be wilful or wanton. Failure to dis-

cover danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care, may ofttimes be considered wilful or wanton negligence. *Gannon v. Kiel,* 252 Ill. App. 550. The evidence shows that Missouri Avenue and Eighth Street is a very busy street intersection in the heart of the business section of East St. Louis, and for one to drive a large, powerful automobile weighing two tons on any public highway where there is congestion and traffic, especially at street intersections, without being alert and giving attention to other vehicles, is negligence of such a gross degree as to give rise to the inference of at least constructive wilful and wanton negligence. The general use by the public of a highway so as to create a probability of the presence of people and vehicles requires the exercise of a higher degree of care in approaching such place than is required at places less frequently traveled (*Heidenreich v. Bremner,* 260 Ill. 439) and might make an act which would otherwise be merely negligence so reckless as to indicate a disregard for life or a general disposition to do injury. *Neice v. Chicago & Alton R. Co.,* 254 Ill. 595.

In *Mantonya v. Wilbur Lumber Co.,* 251 Ill. App. 364, it was held that it was a proper question for a jury to say whether or not a truck driver was guilty of wilful and wanton misconduct in driving on to a State paved highway directly in the path of an approaching car, which by statute had the right of way.

It is also contended by counsel for appellant that the appellee was bound to prove affirmatively that she was in the exercise of due care for her own safety. If, as we hold, appellant was guilty of wilful or wanton negligence, then appellee is not precluded from recovering damages by reason of her contributory negligence.

The proof tends to show that the driver of the car in which appellee was riding, was exercising due care at and prior to the accident, and it is contended by coun-

sel for appellant that it was the duty of appellee to be on the alert and warn the driver of the car of the position of appellant's car when it was proceeding to make its turn northward. The evidence does not disclose that she had any opportunity to warn the driver of this situation, or that it was practical for her to do anything which would probably avoid the collision. The care or want of care on the part of appellee was for the jury to determine under all of the surrounding conditions that existed at and prior to the injury and we cannot say, even though it were necessary to determine that question, that appellee was guilty of contributory negligence.

Appellant's final contention is that the verdict is excessive. The proof on the part of appellee tends to show that the knees and limbs of appellee were lacerated and quite severely injured and, at the time of the trial about two months after the accident, appellee had not fully recovered from such injuries. There was no proof to show that there were any injuries that were permanent and after due consideration of all of the evidence in the record we are of the opinion that the appellee should be required to file a remittitur in the sum of $1,000 within 30 days, and that in default of so doing the cause should be reversed and remanded for a new trial; that in the event of appellee's filing remittitur within 30 days in the sum of $1,000 the said judgment be affirmed in the amount of $2,000, one-third of the costs in this court to be assessed against appellee, with remaining two-thirds assessed against appellant.

*Affirmed on condition that appellee file remittitur of $1,000.*