## Michael McLaughlin, Administrator, etc., v. Chicago, Rock Island & Pacific Railroad Company.

### Gen. No. 4,338.

1. WILFUL NEGLIGENCE—*what essential to establish.* In order to establish that the defendant was guilty of wilful negligence in running down and killing one who was upon the tracks of such defendant, it must be shown that the person in charge of the engine which was the instrument of death saw such person and appreciated the imminency of his danger in time to avoid the injury; in other words, it should be established (1) that such person was on or so near the track as to be in danger of being struck by the engine; (2) that he was seen by the engineer; (3) that after he was seen his conduct was such that the engineer should have known he either did not hear the approaching engine or did not intend to get out of the way; and (4) that after discovering that such person was not going to get out of the way, the engineer made no effort to avert the injury by stopping or slackening the speed of the engine, but recklessly and wantonly ran upon and injured him.

2. TRESPASSERS, ETC.—*duty of railroad company to.* A railroad company owes no duty to a trespasser or licensee except to refrain from wantonly or wilfully injuring him.

3. AMENDMENT—*what, within power of court.* It is within the power

of a court within the term at which a judgment is entered against an administrator, to strike therefrom an award of execution.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of La Salle County; the Hon. Morton W. Thompson, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

H. M. Kelly, for plaintiff in error.

Fullerton & Eldredge, for defendant in error; W. T. Rankin, of counsel.

Mr. Presiding Justice Farmer delivered the opinion of the court.

John Burns was killed by an engine on defendant's railroad in the city of Ottawa, early in the morning of December 22, 1902, and plaintiff, as his administrator, brought this suit against the railroad company for damages. The declaration contains eleven counts, and as analyzed by plaintiff's counsel, the first "contains the general charge of wilful negligence;" the second charges failure to ring the bell; third, general negligence, and the fourth, running at a higher rate of speed than allowed by the ordinances. "The remaining eight counts charge wanton and wilful neglect of defendant's servants." On the trial at the close of plaintiff's proof, the court directed the jury to return a verdict for defendant, which was accordingly done, whereupon the court rendered judgment against plaintiff for costs, and this writ of error is prosecuted to reverse that judgment.

The defendant's railroad consists of a double track, and runs through the city of Ottawa, east and west. The north track is used by west-bound trains, and the south one by east bound trains. Burns was employed at the Silver Plate Works, which was located some six or seven blocks west of defendant's depot in the city of Ottawa. He resided a few blocks north or northeast of the depot. On the morning of December 22, somewhere in the neighborhood of half past six o'clock, before it was daylight, while on his way to the factory where he was employed, he was struck by a passing engine, about the middle of the fourth block west

of defendant's depot, and so seriously injured that he died shortly thereafter. No one testified who saw the injury, but it was claimed, and the proof tended to show, that he was struck by an engine to which no car or cars was attached, going westward on the north track. Shortly after this lone engine passed, he was found lying on the north side of the west-bound track, about the middle of the block between East and Center streets. As we understand the evidence, and according to a plat attached to plaintiff's brief, (but which does not appear to have been introduced in evidence,) the first street west of defendant's depot is Columbus street, the next is LaSalle street, then Clinton street, which it is stated was not used, then East street, then Center street, and next Chestnut. Between Chestnut street and the Silver Plate Works the streets are not named on the plat and are of no importance in the consideration of this case. The space between Center and Chestnut streets is occupied by the C. B. & Q. railroad tracks, which cross defendant's tracks north and south at right angles. The evidence shows that Burns, with a lighted lantern in his hands, was seen just before the accident walking west on the west-bound or north track toward the place where he was employed. He was last seen forty or fifty feet west of La Salle street, which would be about the distance of two blocks east of where his body was found. He was going west, and the engine, going in the same direction, was seen to pass the same point very quickly afterwards. The evidence showed that defendant's tracks and right of way were used to a considerable extent by foot passengers traveling east and west, and had been for a considerable period of time before the accident. They were used principally by people who were employed in some of the factories along the line, or near to defendant's railroad. From the point where Burns' body was found, eastward, the track was substantially straight and the view was unobstructed for three-quarters of a mile. The proof shows the engine was running from twenty to twenty-five miles per hour.

Plaintiff's contention is that the engineer in charge saw

Burns in time to have stopped his engine, or so checked its speed as to have prevented the injury, but wilfully and wantonly failed and refused to do so and ran upon and struck deceased. Also that it was wilful negligence to run the engine at so high a rate of speed at a place where it was known the track was used by many people for travel on foot. There is no direct evidence that the engineer saw deceased, but several witnesses were introduced who testified that between LaSalle street and the C. B. & Q. tracks, which was just west of the place where Burns' body was found, the engineer sounded the whistle a number of times and most of the witnesses say it was the danger signal and that their attention was attracted to it on that account. They do not all agree as to the number of blasts or length of time they were sounded, but most of them say it was not the signal whistle for the C. B. & Q. crossing. Plaintiff argues that this sufficiently established the fact that deceased was on the track, that the engineer saw him and that these signals were given to warn him of the approaching engine. Counsel for plaintiff concedes that the evidence does not warrant a recovery under any of the counts of the declaration except those charging wanton and wilful negligence. It is insisted the proof shows wanton and wilful negligence—first, in running down deceased after the engineer had seen him on the track; second, in the manner defendant's servants ran the engine through the city in view of the use made of the tracks by people traveling on foot, which must have been known to defendant.

To have entitled plaintiff to have his case submitted to a jury it was incumbent upon him to support his declaration by evidence fairly tending to prove its allegations. In our opinion he could only recover for the wilful negligence charged by proving that the person in charge of the engine saw deceased and the danger imminent in time to have avoided it. James v. I. C. R. R. Co., 195 Ill. 327. It would be necessary to show that deceased was on, or so near the track as to be in danger of being struck by the engine, that he was seen by the engineer, and that after he

was seen his conduct was such that the engineer should have known he either did not hear the approaching engine, or did not intend to get out of the way, and that after discovering that deceased was not going to get out of the way, the engineer made no effort to avert the injury by stopping or slackening the speed of the engine, but recklessly and wantonly ran upon and injured him. While it may be the evidence upon the first proposition would have warranted the conclusion that deceased was walking on the track at the time he was injured, or at least have been sufficient if that had been the sole question, to have submitted it to the jury, yet it can hardly be said that the evidence fairly tended to prove the last two propositions. True, the proof shows considerable whistling was done by the engine between the depot and place of injury. It was but natural that this should be so, as within a block of where deceased was struck the engine had to cross the tracks of the C. B. & Q. railroad and was obliged to get the proper signal before it could do so, and there were also three public street crossings between the depot and the C. B. & Q. tracks. Also, at or very near the place of the accident, it passed a passenger train going in the opposite direction on the south track. But conceding that the whistling was done as a danger signal and by the engine in question, as claimed by several witnesses, and conceding that the engineer saw deceased and gave the signals to warn him from the track, this falls short of proving wilful and wanton negligence. It was within the power of the deceased, by a few steps, to leave the track for a place of safety while the engine passed him, and the engineer, if he saw him, had a right to presume he would do this. The speed of the engine was not above that authorized by the ordinances and before defendant could be held liable for wilful negligence the proof would be required to show, as before stated, that the engineer saw deceased was not heeding the signals and that he was not going to leave the track, in time to have stopped his engine before striking him. It is not claimed that there was any defect in the eyesight or hearing of

deceased, and, while he was walking with his back to the engine, it seems almost incomprehensible, that with as much noise as the engine was making, he should remain on the track till struck.

It is insisted that inasmuch as it was known to defendant that a large number of people daily used its tracks at this place for travel on foot, it was wilful negligence for defendant's servants to run the engine at the rate of twenty to twenty-five miles an hour.  Deceased was not injured at a place where the public had an equal right with defendant.  He was either a trespasser on defendant's tracks, or he was on them by sufferance of the company.  In I. C. R. R. Co. v. Eicher, 202 Ill. 556, it was held that whether a person walking along a railroad track is a trespasser, a licensee, or is there by mere sufferance without objection of the company, it owes no duty to him except to refrain from wantonly or wilfully injuring him.  That case which cites and reviews the former decisions on this subject seems to us decisive of this case.

We believe no error was committed by the trial court in its rulings on the competency of the evidence offered, nor, under the authority of the Eicher case, *supra*, and I. C. R. R. Co. v. O'Connor, 189 Ill. 559, and the cases therein cited, was any error committed in directing a verdict for defendant.

The judgment against plaintiff for costs as originally rendered awarded execution.  Afterwards, and during the same term, it was by the court amended and corrected by striking out the order for execution and directing that the costs be paid in due course of administration.  It is claimed this was erroneous.  We think it such an amendment as the court had the power to make.

The judgment is affirmed.

*Affirmed.*