CHARLES BARTLETT, Admr.

*v.*

THE WABASH RAILROAD COMPANY.

*Opinion filed February 21, 1906.*

1. RAILROADS—*degree of care due from a railroad to trespassers.*
Servants of a railroad company are not required to stop the train
of which they are in charge as soon as they see a trespasser walk-
ing on the track, but may assume that he will heed their signals
and leave the track, there being nothing to prevent such course, and
are only required to use reasonable care to avoid injuring him, as
soon as they discover that he is in a perilous position.

2. SAME—*when verdict for railroad is properly directed.* A
verdict in favor of a railroad company, in an action against it by
an administrator, is properly directed where the evidence shows
the deceased was a trespasser walking on the track, that defendant's
servants gave warning of the approach of the train as soon as they
saw him, and did all they could to stop the train when they saw
that instead of stepping from the track, as he might have done, he
merely increased his speed and ran ahead of the train until it over-
took him.

WRIT OF ERROR to the Appellate Court for the Fourth
District;—heard in that court on appeal from the Circuit
Court of Madison county; the Hon. CHARLES T. MOORE,
Judge, presiding.

BURTON & WHEELER, for plaintiff in error.

WARNOCK, WILLIAMSON & BURROUGHS, (C. N. TRA-
VOUS, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the plain-
tiff in the circuit court of Madison county to recover dam-
ages of the defendant for wrongfully causing the death of
Benjamin Stampfer, the plaintiff's intestate. The jury, at
the close of the plaintiff's evidence, under the direction of
the court, returned a verdict against the plaintiff, and a

judgment was rendered on the verdict in favor of the defendant, which judgment has been affirmed by the Appellate Court for the Fourth District, and the plaintiff has sued out a writ of error from this court to review the record.

The declaration contained three counts, each of which charged the defendant with having willfully and recklessly caused the death of Benjamin Stampfer. The evidence of the plaintiff tended to show that Benjamin Stampfer was killed on the 20th day of July, 1902, upon the right of way of the defendant, in the city of Edwardsville. The defendant has two depots in said city, one on its main line, called the Lower Depot, and one about two miles from the lower depot called the Upper Depot. The upper depot is connected with the main line by a branch road, and a "dinkey train," so called, makes frequent trips over said branch line between the upper and lower depots. Midway between said depots and adjoining the branch line is situated Citizens' Park, which is used, in part, as a place where picnics are held. On the day of the accident a picnic, largely attended by people from St. Louis, was held at said park, and the defendant ran an excursion train from the city of St. Louis to the park. Benjamin Stampfer, who resided in St. Louis, purchased of the defendant in that city a round-trip ticket to the park and was a passenger on said excursion train, and intended to return to St. Louis upon said train, which left the park later in the day. He, however, did not reach the train in time to take passage thereon from the park, and discovering the train had left the park, in company with four other persons who had also missed the train, started from the park down the branch line for the purpose of boarding the train at the lower depot. Stampfer was about sixty years of age, was short in stature and heavy-built, and was not able to keep up with his fellow excursionists, who were going rapidly, but soon fell behind, and the last they saw of him he was on the branch line in the center of the track, going in the direction of the lower depot. The "dinkey train," which

consisted of a passenger coach, combination coach and engine and tender, a short time after the departure of the excursion train from the park started from the upper to the lower depot, running backwards,—that is, the engine was on the opposite end from the direction the train was moving. One Daily, a brakeman, who was acting in the capacity of conductor on that day, was upon the front platform of the moving train. As the train passed around a curve after leaving the park, Daily and several passengers saw Stampfer hurrying along towards the lower depot in the center of the track, about one hundred and fifty feet ahead of the train. As soon as Daily discovered Stampfer on the track in front of the moving train he commenced to shout to him to get off the track. Stampfer paid no attention to the warning from Daily or the moving train, but remained on the track. The train gained upon him, and when it was within from thirty to fifty feet of him Daily applied the air-brake and sounded the whistle attached to the brake. Stampfer did not then leave the track, but when the train was within fifteen or twenty feet of him started to run down the track in the direction of the lower depot. Shortly thereafter he was overtaken by the moving train, knocked down, run over and killed.

It is clear that Stampfer was a trespasser upon the right of way of the defendant at the time he was run over and killed, as it appears the use of defendant's right of way as a means for foot passengers to reach defendant's lower depot from Citizens' Park was wholly unauthorized by the defendant, and, under the well settled rules of law in force in this State, the defendant owed him no duty other than to abstain from wantonly and recklessly injuring him, and was bound only to use reasonable care to avoid injuring him after he was discovered to be in a perilous situation. (*Illinois Central Railroad Co.* v. *Eicher,* 202 Ill. 556.) The evidence shows that Daily warned Stampfer of the approach of the train so soon as he saw him upon the track, and did all in

his power to stop the train as soon as he was apprised that Stampfer did not intend to leave the track. The train was running not to exceed six or eight miles an hour, and at any time, up to the time the accident occurred, Stampfer had but to step off the track to avoid being run over by the moving train. This he did not do, but attempted to avoid being injured by increasing his rate of speed. Up to the time Daily applied the air-brake there was nothing in the conduct of Stampfer to indicate to him that Stampfer would seek so unusual a method as he did to avoid the danger which threatened him. Daily was not required to stop the train so soon as he saw Stampfer upon the track, but had the right to assume at that time he would act as a reasonably prudent man and leave the track to avoid being run over by the moving train, and so soon as Daily discovered Stampfer did not intend to leave the track and was in a perilous situation, he was only required to use reasonable care to avoid injuring him. This he did by then using the means at his command to stop the train. The evidence failed to show a willful or wanton injury or that the defendant did not use reasonable care to avoid injuring the deceased after he was seen to be in a position of danger. The court did not err in taking the case from the jury. While it is true that the questions of willfulness, recklessness, negligence and kindred questions are usually questions of fact for the jury, yet when the facts are admitted, and the admitted facts, together with all legitimate inferences which may be drawn therefrom in favor of the plaintiff, do not tend to establish his right to recover, the court may rightfully direct a verdict in favor of the defendant. *Beidler* v. *Branshaw,* 200 Ill. 425.

The cases of *Chicago Terminal Transfer Railroad Co.* v. *Kotoski,* 199 Ill. 383, and *Chicago Terminal Transfer Railroad Co.* v. *Gruss,* 200 id. 195, relied upon by the plaintiff, are not like the case at bar. Here it was only necessary for Stampfer to step from the track to avoid injury from the approaching train, while in those cases it was necessary for

the persons who were injured to make their escape from the approaching train by passing some distance over a high tres-tle on which the train was backing towards them, and, although their perilous situation was fully appreciated by the servants of the defendant in charge of the train, no effort was made by them to stop the train.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*