## Max Ehlers, Plaintiff in Error, v. Chicago, Burlington & Quincy Railroad Company, Defendant in Error.

1. RAILROADS, § 517*—*what duty owed trespasser.* A railroad company owes no duty to a person walking along its tracks without its invitation, express or implied, except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril.

2. RAILROADS, § 537*—*when trespasser not in position of peril.* A trespasser possessed of the faculty of sight who is walking along the tracks of a railroad about five feet from the outside rail while an engine is coming at a rate of eight to ten miles per hour fifty feet ahead, and could have seen a rod projecting two or three feet from the side truck of the engine if he had been observant, is not in a perilous position so as to necessitate the stopping of the engine, especially where he could easily have stepped aside at the time, even though the engineer was on the opposite side of the engine and did not see him but once.

3. NEGLIGENCE, § 7*—*what constitutes wilfulness.* Wilfulness or wantonness implies a disregard of consequences, or willingness to inflict injury, even though there is no element of ill will towards the party injured.

4. RAILROADS, § 537*—*when injury to trespasser not wilful.* An engineer who is driving an engine, on the truck of which is a rod projecting two or three feet, at the rate of eight or ten miles per hour does not act wantonly or wilfully in driving his engine forward after having seen a trespasser at a distance of fifty feet walking towards the engine at a distance of five feet from the outside rail, where owing to the fact that he was on the opposite side of the cab he saw the trespasser but once, and the rod was in plain sight and could have been avoided by simply stepping aside.

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

L. P. ZERWECK and T. M. WEBB, for plaintiff in error.

JOHN L. FLANNIGAN, for defendant in error; W. E. TRAUTMANN, S. W. BAXTER, JOHN E. HAMLIN and J. A. CONNELL, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

The court at the close of plaintiff's evidence directed a verdict for the defendant and the plaintiff prosecutes this writ of error.

It appears from the record in this case that on August 15, 1913, in the county of St. Clair, the servants of the defendant had detached from an engine a certain driving shaft or rod, and placed it on the front end or pilot of the said engine in such manner that it projected from two to three feet beyond the side of the engine, and that the said servants were operating said engine in a westerly direction from the depot situated in the city of O'Fallon, and that the plaintiff was walking along the tracks eastwardly and on the south side thereof and at a distance of about five feet from the rail. The engine was being operated at a speed of about eight to ten miles per hour. It further appears that when the plaintiff was within about fifty feet of the engine he saw it and says he saw the engineer on the right-hand side of the engine and on the opposite side from where he was walking. He also says: "I saw the engineer on the right-hand side of the engine and he was looking at me, he saw me. I simply kept on walking and about five feet from the south rail of the track." He also testified that he did not see this cylinder rod lying across the front of the engine. It further appears from the evidence that three or four other persons near by saw the engine and also the cylinder rod or steel bar lying across the front of it, and extending two or three feet beyond the engine, and some of them say: "The rod was plain enough to be seen, walking in front of the engine." It further appears that the plaintiff kept on walking eastward in this path until he met the engine and the rod extending over the side struck and injured him.

The declaration charges that the servants in charge of said engine saw and observed the plaintiff and well

knew that the said driving shaft or rod so located on the front end of said engine would come in contact with and injure him and that he would be in a perilous position if the said engine continued to move along such track while such driving shaft or rod remained thereon in said position, and that notwithstanding the knowledge of said servants in charge of said engine they wilfully, wantonly and recklessly continued to propel said engine towards and up to the plaintiff without endeavoring to stop said engine, although the same could have been stopped by the servants in charge thereof, and without apprising the plaintiff of the location of said driving shaft or rod, with great force and violence struck the plaintiff and injured him.

It is contended by the plaintiff in error, hereinafter called plaintiff, that the plaintiff in walking along said track and when at a distance of fifty feet from the engine was in a perilous position; that the engineer operating the engine saw plaintiff and knew that he was in a perilous position and that he wilfully, wantonly and recklessly drove said engine and the driving rod against the plaintiff and injured him. It is admitted by counsel for plaintiff that unless it appears from the evidence, with reasonable and proper inference to be drawn therefrom, that the engineer did wilfully and wantonly drive the crossbar against the plaintiff that then the court was not in error in directing a verdict. It is, however, strenuously insisted that the fact of the crossbar extending beyond the sides of the engine being of an unusual character, and the engineer having seen the plaintiff walking at the distance of five feet from the track at a point fifty feet before the engine reached the plaintiff, and the further fact that the plaintiff did not see the projecting rod, are sufficient to show that the plaintiff was in a position of peril, that the engineer knew it and should have stopped his engine.

It clearly appears from the evidence in this case that

the plaintiff was unlawfully upon the premises of the defendant, and the law is well settled that: "A railroad company owes no duty to a person walking along its tracks without its invitation, either expressed or implied, except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril." *Illinois Cent. R. Co. v. Eicher*, 202 Ill. 556. We do not believe that it appears from this evidence that the plaintiff was in a place of peril or even if he was that the engineer knew him to be in such place or peril. So far as disclosed by this evidence, plaintiff was walking along the track in the usual manner, possessed of the faculty of seeing, and the driving rod, although of an unusual character, was such as could be seen by persons in front of the engine, and we believe that the engineer had the right to assume that the plaintiff saw the projecting rod and that at a proper time would step to one side and permit it to pass, and as long as it was apparently within the power of the plaintiff to reasonably avoid coming in contact with any parts of the engine, we can see no reason why the engineer should conclude that he was in a position of peril. He had a right to assume that the plaintiff would at proper time step further to one side and avoid collision with the projecting rod. Counsel for plaintiff have cited in their argument the case of *Chicago Terminal Transfer R. Co. v. Kotoski*, 199 Ill. 383, and the case of *Chicago Terminal Transfer R. Co. v. Gruss*, 200 Ill. 195, in support of their contention that it was the duty of the engineer to stop the engine when he saw the plaintiff at the distance of fifty feet ahead. The same cases were relied upon in the case of *Bartlett v. Wabash R. Co.* 220 Ill. 163, and the Supreme Court in commenting upon these cases say that they "are not like the case at bar. Here it was only necessary for Stampfer to step from the track to avoid injury from the approaching train, while in those cases it was necessary for the per-

sons who were injured to make their escape from the approaching train by passing some distance over a high trestle on which the train was backing towards them, and, although their perilous situation was fully appreciated by the servants of the defendant in charge of the train, no effort was made by them to stop the train.'' We think this case is wholly unlike the cases cited by counsel for plaintiff, in this, that in such cases the plaintiff was actually in a perilous position, one from which he could not escape, but in the present case all the plaintiff had to do was to step a little further to one side and let the train with the projecting crossbar pass by.

It further appears from the evidence in this case that the engineer was on the opposite side of the engine from where the plaintiff was walking, and there is no evidence that the engineer saw him any more, and we do not believe it could be reasonably inferred that he did see him after that.

Wilfulness or wantonness implies a disregard of consequences, or willingness to inflict injury even though there is no element of ill will towards the party injured. *Illinois Cent. R. Co. v. Leiner,* 202 Ill. 624.

Whether the act of the defendant in placing the rod across the engine was negligent or not is not a question to be considered here, as the act of defendant's negligence is not in any manner involved, but the sole question involved is: Did the servant of the defendant act wilfully and wantonly in driving the engine forward after having seen the plaintiff at the side of the track? We do not believe that a jury would be reasonably justified in the eye of the law in finding a verdict for the plaintiff upon this evidence, and that the court committed no error in directing a verdict, and the judgment of the lower court is affirmed.

*Affirmed.*